1  MARK S. POSARD  (SBN: 208790)
   JEROME SCHREIBSTEIN  (SBN: 154051)
2  GORDON & REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Telephone:  (415) 986-5900
4  Facsimile:  (415) 986-8054
   Mposard@gordonrees.com
5  Jschreibstein@gordonrees.com

6  Attorneys for Defendants
   THE BERKELEY UNIFIED SCHOOL DISTRICT,
7  DONALD EVANS, BEATRIZ LEYVA-CUTLER,
   TY ALPER, JUDY APPEL, JOSH DANIELS,
8  KAREN HEMPHILL, LISA VAN THILLO,
   EVELYN TAMONDONG-BRADLEY, JANET LEVENSON,
9  SAM PASAROW, AND SHANNON FIERRO

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

13  LUPE VARGAS; POMPELLA CAMPOS;        )   CASE NO. 3:16-CV-06634-WHO
    X.M., by her next friend MARIA DIAZ; )
14  MARIA DIAZ; J.B., by his next friend )
    LEOCADIA RAMOS; LEOCADIA RAMOS;      )   **DEFENDANTS' NOTICE OF**
15  B.L., by his next friend TED LEVITON; and )  **MOTION AND MOTION TO**
    TED LEVITON,                         )   **DISMISS PLAINTIFFS'**
16                                       )   **COMPLAINT; MEMORANDUM OF**
                                         )   **POINTS AND AUTHORITIES**
17                      Plaintiff,       )   **THEREON [FRCP 12(b)(6)]**
                                         )
18       vs.                             )   Date:    May 3, 2017
                                         )   Time:    2:00 p.m.
19  BERKELEY UNIFIED SCHOOL DISTRICT,    )   Place:   Courtroom 2, 17th Floor
    SUPERINTENDENT DONALD EVANS,         )
20  BEATRIZ LEYVA-CUTLER, TY ALPER,      )
    JUDY APPEL, JOSH DANIELS, KAREN      )
21  HEMPHILL, MARLEEN SACKS, LISA VAN    )
    THILLO, EVELYN TAMONDONG-            )
22  BRADLEY, JANET LEVENSON, SAM         )
    PASAROW, SHANNON FIERRO, and DOES    )
23  1-10,                                )
                         Defendants.     )
24

25

26

27

28

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

# TABLE OF CONTENTS

I.    INTRODUCTION/STATEMENT OF ISSUES ..................................................1

II.   RELEVANT FACTUAL BACKGROUND.........................................................2

III.  LEGAL ARGUMENT .....................................................................................5

    A.    Plaintiffs' First Claim for Relief for Violation of Civil Rights Fails to State Sufficient Facts ........................................................5

        1.    The Individual Defendants Are Immune from Liability in Discharging Their Duties Regarding Investigation and Discipline of Felarca; BUSD Is Vicariously Immune..................5

        2.    There Are Insufficient Pleading Allegations to Constitute the Alleged Civil Rights Violations against All of the Individual Defendants other than Van Thillo and Fierro ...............6

    B.    Plaintiffs' Second Claim for Relief for Education Discrimination/Retaliation Fails to State Sufficient Facts.....................8

        1.    Plaintiffs Have Not Pled An Adequate Adverse School-Related Action.......................................................8

        2.    Plaintiffs Have Failed to Allege Required Element of Protected Conduct to Pursue a Retaliation Claim..........................9

    C.    Plaintiffs' Third Claim for Relief for Violation of First Amended Rights Fails to State Sufficient Facts ....................................10

    D.    Plaintiffs' Fourth Claim for Relief for Violation of California Education Code Section 51101 Is Legally Infirm..................................10

    E.    Plaintiffs' Fifth Claim for Relief for Violation of the Bane Act Is Deficient........11

    F.    Plaintiffs' Sixth Claim for Relief for Intentional Infliction of Emotional Distress Is Legally Deficient.....................................11

        1.    Plaintiffs Have Failed to Allege Compliance with the Government Tort Claims Act......................................11

        2.    There Are Insufficient Allegations to Constitute Claims Against the Named Individual Defendants, who Are Otherwise Statutorily Immune...................................................12

        3.    The Claim in No Manner Approaches the Level of Egregiousness to Constitute an Actionable IIED claim.............13

IV.  CONCLUSION..............................................................................................15

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ................................................................. 6, 7, 8, 13

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ........................................................................ 6, 7

*Branch v. Tunnell*
  14 F.3d 449 (9th Cir. 1994) .................................................................. 3

*Burlington Northern & Santa Fe Ry. v. White*
  548 U.S. 53 (2006) ............................................................................. 9

*Camfield v. Bd. of Trs. of Redondo Beach Unified Sch. Dist.*
  2016 U.S.Dist.LEXIS 166903 (C.D.Cal. 2016) ................................ 11

*Cervantes v. Countrywide Home Loans, Inc.*
  656 F.3d 1034 (9th Cir. 2011) ........................................................... 15

*Citizens Capital Corp. v. Spohn*
  133 Cal.App.3d 887 (Cal.App.1982) ................................................... 5

*Cochran v. Cochran*
  65 Cal. App.4th 488 (Cal.App. 1998) ................................................ 14

*Cornelius-Millan v. Caribbean Univ., Inc.*,
  2016 U.S.Dist.LEXIS 66519 (D.P.R. 2016) ..................................... 8, 9

*Davidson v. City of Westminster*
  32 Cal. 3d 197 (Cal. 1982) ............................................................... 13

*Dawn L. v. Greater Johnstown School Dist.*
  586 F.Supp.2d 332 (W.D. Pa. 2008) ................................................... 9

*DiCampli-Mintz v. County of Santa Clara*
  55 Cal.4th 983 (Cal. 2012) ............................................................... 12

*Donovan v. Poway Unified School Dist.*
  167 Cal.App.4th 567 (Cal.App. 2008) ................................................. 8

*Emeldi v. Univ. of Or.*
  673 F.3d 1218 (9th Cir.), *republished as amended*, 698 F.3d 715 (9th Cir. 2012).......... 8, 9, 10

*Galbraith v. County of Santa Clara*
  307 F.3d 1119 (9th Cir. 2002) ............................................................. 3

*Gordon v. Traverse City Area Pub. Sch.*
  182 F.Supp.3d 715 (W.D. Mich. 2016) ................................................ 9

*Grant v. WMC Mortg. Corp.*
  2010 WL 2509415 (E.D.Cal. 2010) ................................................... 14

-ii-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

*Harman v. Mono General Hospital*
   131 Cal.App.3d 607 (Cal.App. 1982) ............................................................ 12

*Heine v. Vilsack*
   2014 WL 744619 (E.D.Cal. 2014) ............................................................... 14

*Hughs v. Pair*
   46 Cal.4th 1035 (Cal. 2009) ....................................................................... 14

*Jones v. Kmart Corp.*
   17 Cal.4th 329 (Cal. 1998) ......................................................................... 11

*Katzenbach v. Grant*
   2005 WL 1378976 (E.D.Cal. 2007) ............................................................ 15

*Kayfetz v. State of Calif.*
   156 Cal.App.3d 491 (Cal.App. 1984) .......................................................... 5

*Kemmerer v. County of Fresno*
   200 Cal.App.3d 1426 (Cal.App. 1988) ........................................................ 5

*Masters v. San Bernardino County Employees Retirement Assn.*
   32 Cal.App.4th 30 (Cal.App. 1995) .................................................. 6, 10, 11

*Mazzola v. Feinstein*
   154 Cal.App.3d 305 (Cal.App. 1984) ........................................................ 12

*Papelino v. Albany Coll. of Pharm. of Union Univ.*
   633 F.3d 81 (2d Cir. 2011) ............................................................... 8, 9, 10

*Pearson v. Callahan*
   555 U.S. 223 (2009) ................................................................................. 13

*S.K. v. N. Allegheny Sch. Dist.*
   168 F.Supp.3d 786 (W.D. Pa. 2016) ............................................................ 9

*Shalom v. Hunter College of the City Univ. of N.Y.*
   645 Fed.Appx. 60 (2d Cir. 2016) ................................................................ 9

*Siegert v. Gilley*
   500 U.S. 226 (1991) ................................................................................. 13

*Spencer v. Merced County Office of Educ.*
   59 Cal.App.4th 1429 (Cal.App. 1997) ....................................................... 12

*State of California (Bodde)*
   32 Cal.4th 1234 (Cal. 2004) ...................................................................... 12

*Steel v. City of San Diego*
   726 F.Supp.2d 1172 (S.D. Cal. 2010) ........................................................ 14

*Sykes v. California*
   497 F.2d 197 (9th Cir. 1974) ....................................................................... 7

-iii-

*Tackett v. Univ. of Kan.*
  2017 U.S.Dist.LEXIS 19536 (D. Kan. Feb. 10, 2017) ........................................ 9

*Tekle v. United States*
  511 F.3d 839 (9th Cir. 2007) ........................................ 13

*Trulove v. City & Cnty. of San Francisco*
  2016 U.S.Dist.LEXIS 141594 (N.D. Cal. 2016) ........................................ 11

*United States v. Corinthian Colleges*
  655 F.3d 984 (9th Cir. 2011) ........................................ 3

*Utility Audit Co., Inc. v. City of Los Angeles*
  112 Cal.App.4th 950 (Cal.App. 2003) ........................................ 12

*Venegas v. County of Los Angeles*
  32 Cal.4th 820 (Cal. 2004) ........................................ 11

**Statutes**

Education Code
  Section 51101 ........................................ 10

Government Code
  Section 815.2 ........................................ 6, 10, 11

Government Code
  Section 821.1 ........................................ 11

Government Code
  Section 821.6 ........................................ 5, 10, 13

Government Code
  Section 905 ........................................ 12

Government Code
  Section 911.2 ........................................ 12

Government Code
  Section 945.4 ........................................ 12

Government Code
  Section 950.2 ........................................ 12

**Rules**

Federal Rules of Civil Procedure
  Rule 8 ........................................ 6, 7

Federal Rules of Evidence
  Rule 201 ........................................ 3

**Regulations**

Rest. (Second) Torts § 46 ........................................ 14

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-iv-

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES THEREON - (CASE NO. 3:16-CV-06634- WHO)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, on Wednesday, May 3, 2017 at 2:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, Defendants, the Berkeley Unified School District ("BUSD"), Donald Evans, Beatriz Leyva-Cutler, Ty Alper, Judy Appel, Josh Daniels, Karen Hemphill, Lisa Van Thillo, Evelyn Tamondong-Bradley, Janet Levenson, Sam Pasarow, and Shannon Fierro (collectively, at times, "Defendants"), will and hereby do move the Court for dismissal of the Complaint for Violation of Civil Rights and Damages (the "Complaint") (Docket 1) of Plaintiffs Lupe Vargas, Pompella Campos, X.M. (a minor, through representative, Maria Diaz), Maria Diaz, J.B. (a minor, through representative, Leocadia Ramos), Leocadia Ramos, B.L. (a minor, through representative, Ted Leviton), and Ted Leviton (collectively, at times, "Plaintiffs").  This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      INTRODUCTION/STATEMENT OF ISSUES

Plaintiffs are current and former students of Yvette Felarca, a middle school teacher employed by the BUSD at Martin Luther King, Jr. Middle School in Berkeley, California. Felarca has separate civil rights litigation pending against the BUSD, and numerous of its employees, concerning certain disciplinary proceedings that were instituted against her. Plaintiffs bring this suit against the BUSD, and eleven of its individual employees/officials,[1] relating to their roles as interview subjects in the BUSD disciplinary investigation concerning Felarca.  Even a cursory review of the Complaint makes clear that Plaintiffs' claims are insufficiently pled under applicable federal pleading standards and, in a number of cases, require dismissal without leave due their legal inviability.  This Motion addresses the following issues:

A.      Where California Government Code section 821.6 provides the individually named defendants with immunity for their alleged involvement in the investigation/discipline of Felarca, should the first and third-sixth claims for relief against these defendants be dismissed

---

[1] Plaintiffs also sue one of the BUSD's external legal counsel, Marleen Sacks, Esq., who will be appearing herein through separate counsel.

1   without leave?

2      B.      Given the BUSD's vicarious immunity under California Government Code

3   section 815.2(b) for the acts of its immune employees, should the first and third-sixth claims for

4   relief against the BUSD be dismissed without leave?

5      C.      Should the second claim for relief for discrimination/retaliation be dismissed

6   where there is no alleged school-related adverse action?

7      D.      Should the second claim for relief be dismissed to the extent of Plaintiffs'

8   retaliation theory where there is no protected conduct alleged?

9      E.      Should the fourth claim for relief be for violation of California Education Code

10   section 51101 be dismissed without leave where there is no private right of action afforded for

11   violation of that statute?

12      F.      Should the fifth claim for relief for violation of the Bane Act be dismissed on the

13   ground that the claim lacks the requisite threats of violence and coercion?

14      G.      Should the sixth claim for relief for intentional infliction of emotional distress be

15   dismissed due to Plaintiffs' failure to comply with the Government Tort Claims Act and due to

16   the lack of allegations of sufficiently egregious tortious conduct?

17      H.      Given the lack of factual specificity and conclusory allegations of civil and

18   constitutional rights violations against the individually named defendants (aside from Van Thillo

19   and Fierro) in the first and third-sixth claims for relief, should those claim be dismissed with

20   leave if found to otherwise survive the immunity defense (and other identified defects) at the

21   pleading stage?

22          **II.      RELEVANT FACTUAL BACKGROUND**

23      Yvette Felarca is a middle school teacher at Martin Luther King, Jr. Middle School in

24   Berkeley, California and employed by the BUSD.  (Complaint, ¶¶ 1-44.)  She has pending a 10-

25   count federal civil rights action against the BUSD, and ten of its individual employees/officials,

26   in the action of *Felarca v. Berkeley Unified School District et al.*, Case No. 16-06184 RS (the

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  | "*Felarca Action*").[2]  Ms. Felarca is represented by the same counsel in the *Felarca Action*, which

2  | concerns disciplinary proceedings against her, as are Plaintiffs herein.

3  | On June 30, 2016, the BUSD issued Felarca a Notice of Unprofessional Conduct/Notice

4  | of Unsatisfactory Performance ("NUC/NUP") (Complaint, ¶ 42.)  The NUC/NUP identified

5  | numerous instances where Felarca had abused sick/personal leave, and engaged in other

6  | unacceptable behavior, including efforts at inappropriate political indoctrination of students.

7  | (*See* NUC/NUP, attached as Exhibit E to Evelyn Tamondong-Bradley Declaration in Opposition

8  | to Motion for Preliminary Injunction (Docket 18-6 in the *Felarca Action*), ¶¶ 39-49, 65-97.)[3]

9  | Additionally, she had engaged in deceitful, belligerent behavior in response to the BUSD's

10 | legitimate inquiries on these matters.  (*Id.*, ¶¶ 50-64, 98-114.)  As a result, the BUSD issued

11 | Felarca the following directives, which are the subject of certain of Felarca's claims in the

12 | *Felarca Action*:

> 124.  You are not to use personal leave for any reasons not authorized in the collective bargaining agreement. Specifically, you may not take such leave for recreational or political activities. If you need personal leave, you must comply with the terms of the collective bargaining agreement, including advance notification. You are never to claim sick leave if you are not actually sick or injured.

> 125.  Based on your past history of abuse of leave, in the future you must provide a statement from a licensed medical practitioner justifying any use of paid sick leave, pursuant to Section 12.17.1 of the collective bargaining agreement.

> 126.  Under no circumstances may you or anyone else acting on your behalf use class time, District resources (including classrooms, technology or other District property) to try to influence or manipulate or indoctrinate students for your own political causes.

> 127.  Under no circumstances may you try to present material to students in a biased and one-sided manner in order to try to influence or indoctrinate students into a particular way of thinking about any subject.

> 128.  You are to treat all students equally regardless of their ethnicity, socio-economic background, or other membership in a protected classification. You are to abide by the District's policies on non-discrimination and must refrain from making

---

[2] Pursuant to Federal Rule of Evidence 201, Defendants request that this Court take judicial notice of the pleadings from the *Felarca Action*.
[3] Pursuant to Federal Rule of Evidence 201, Defendants request that this Court take judicial notice of the NUC/NUP.  Where a plaintiff refers to but does not attach a document to her complaint, which is central to the claims pled, the district court may consider such document on a defense Rule 12(b)(6) motion.  (*See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)); *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).)

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

disparaging statements that directly or indirectly disparage students based on their membership in a protected classification.

129.   You are not to lie or engage in any type of dishonesty when speaking to District personnel. You are not to speak to any District administrator in a defiant, rude or insubordinate tone. When asked a question relevant to District business, you are to answer the question and cooperate with the District's goals in conducting District-related investigations. You may not refuse to answer questions or otherwise act in a defiant, insubordinate manner to try to bully or manipulate District officials.

130.   You are not to use the District's computers, email system, or District time to send out emails that are not related to District business, and which do not support the District's mission. Specifically, you are not to do so in a manner that undermines or is designed to undermine the District administration in any way.  (*Id.*, ¶¶ 124-130.)

Following the NUC/NUP, the BUSD pursued further investigation ("witch-hunt," per Plaintiffs (Complaint, ¶ 43)) of Felarca by conducting student interviews ("fishing expeditions," "interrogations" (*id.*)).  Some students were questioned by individual defendant Marleen Sacks, an external BUSD attorney.  (*Id.*, ¶¶ 44—52.)  Felarca was placed on involuntary administrative leave on September 21, 2016 – pending the conclusion of the investigation - following this initial round of interviews.  (*Id.*, ¶ 55.)

During the pendency of this leave, the BUSD investigation continued and BUSD officials and representatives interviewed Felarca's current and former students at King Middle School from September 21 – November 2, 2016.  (*Id.*, ¶ 56.)  Sacks, Lisa Van Thillo (Asst. Superintendent of HR), Evelyn Tamondong-Bradley (Director of Personnel Services), and Janet Levenson (King Middle School Principal) are the individuals alleged to have conducted these interviews under BUSD Superintendent Donald Evans' direction, but there are no specifics alleged as to what occurred in the interviews.  (*Id.*, ¶ 57.)

In the Complaint, there is vagueness as to who interviewed whom.  Some of Felarca's former students, now at Berkeley High School (BHS), were questioned by unspecified BUSD officials.  (*Id.*, ¶¶ 60-16.)  Van Thillo and Shannon Fierro (BHS Vice-Principal) allegedly questioned two students.  (*Id.*, ¶¶ 62-76.)  The BHS students were questioned under (then) Principal Sam Pasarow's authority.  (*Id.*, ¶ 77.)

Evans, individual BUSD Board-members Beatriz Leyva-Cutler, Ty Alper, Judy Appel, Josh Daniels, Karen Hemphill, as well as Sacks, Van Thillo, Tamondong-Bradley, Levenson,

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES THEREON - (CASE NO. 3:16-CV-06634- WHO)

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   and Pasarow, and all are alleged to have engaged in negligent retention/hire of BUSD

2   employees.  (*Id.*, ¶80.)  The individual defendants are sued in personal and official capacities.

3   (Complaint, ¶¶ 21-32.)  Each is alleged to have been acting in course/scope of employment, and

4   under color of law in committing the complained of actions.  (*Id.*, ¶¶ 35-36, 81.)

5         Felarca was ultimately reinstated to active duty employment in November 2016, and the

6   parties in the *Felarca Action* thus stipulated that Felarca's previously filed (and since denied)

7   Motion for Preliminary Injunction was moot to the extent that it was brought seeking Felarca's

8   reinstatement to active-duty employment.  (*See* Docket 13 in the *Felarca Action*.)

9                **III.     LEGAL ARGUMENT**

10  **A.     Plaintiffs' First Claim for Relief for Violation of Civil Rights Fails to State Sufficient
           Facts**

11

12         **1.     The Individual Defendants Are Immune from Liability in Discharging Their
              Duties Regarding Investigation and Discipline of Felarca; BUSD Is
              Vicariously Immune**

13

14         Under California Government Code section 821.6, a public employee is not liable for

15   injury caused by his/her instituting or prosecuting any judicial or administrative proceeding

16   within the scope of his/her employment, even if the employee acts maliciously and without

17   probable cause.  Section 821.6 applies to all public employees who institute, investigate or are

18   otherwise involved in an employee's discipline or termination.  (*Kemmerer v. County of Fresno*,

19   200 Cal.App.3d 1426, 1436 (Cal.App. 1988) ("*Kemmerer*") (wrongful discharge); *Kayfetz v.*

20   *State of Calif.*, 156 Cal.App.3d 491, 496 (Cal.App. 1984) (wrongful discipline, libel); *Citizens*

21   *Capital Corp. v. Spohn*,133 Cal.App.3d 887, 888-889 (Cal.App.1982) (conspiracy, wrongful

22   discipline) (superseded by statute (Cal. Govt. Code § 820.21) as to other classes of California

23   State workers).)

24         Instructive is *Kemmerer*.  There, a discharged employee brought suit against the

25   county and his supervisors for, among other things, damages for emotional distress arising out of

26   an allegedly tortious investigation and discipline leading to his discharge.  The court, after a

27   detailed review of the applicable authorities, held the county and its employees "were immune

28   from tort liability for any acts done to institute and prosecute the disciplinary proceeding."  (*Id.*

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

at 1437.)  Here, Plaintiffs' allegations of civil rights violations all pertain to events surrounding a BUSD disciplinary investigation.  The individual defendants that they sue under this theory are thus immune from personal liability as a matter of law.  Moreover, a public entity is not liable for an employee's act if the employee is immune from liability under state law.  (Cal. Govt. Code § 815.2 (b); *Masters v. San Bernardino County Employees Retirement Assn.*, 32 Cal.App.4th 30, 39–40 (Cal.App. 1995) ("*Masters*").)

Accordingly, the first claim for relief must be dismissed without leave.

## 2.  There Are Insufficient Pleading Allegations to Constitute the Alleged Civil Rights Violations against All of the Individual Defendants other than Van Thillo and Fierro

Leaving aside the immunity issue, the pleading allegations against the named individual defendants are legally insufficient.  More particularly, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  (*Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) ("*Iqbal*"); citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*").)  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  (*Iqbal*, 555 U.S. at 678; citing *Twombly*, 550 U.S. at 555.)  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  (*Iqbal*, 555 U.S. at 678; *Twombly*, 550 U.S. at 557.)

To survive a motion to dismiss, a complaint must contain sufficient <u>factual</u> matter, accepted as true, to "state a claim to relief that is plausible on its face."  (*Iqbal*, 556 U.S. at 678; citing *Twombly*, 550 U.S. at 570.)  A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  (*Iqbal*, 556 U.S. at 678; citing *Twombly*, 550 U.S. at 556.)  The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully.  (*Id.*)  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  (*Iqbal*,

-6-

556 U.S. at 678; citing *Twombly*, 550 U.S. at 557.)

Two working principles underlie the determination before this Court.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  (*Iqbal*, 556 U.S. at 678; citing *Twombly*, 550 U.S. at 555.) "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, *but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.*"  (*Iqbal*, 556 U.S. at 678-679 (emphasis supplied).)  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  (*Iqbal*, 556 U.S. at 679; citing *Twombly*, 550 U.S. at 556.)  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "shown"--"that the pleader is entitled to relief."  (*Iqbal*, 556 U.S. at 679; citing Fed. Rule Civ. Proc. 8(a)(2).)  These principles apply "in all civil actions and proceedings in the United States district courts," including in "discrimination suits."  (*Iqbal*, 556 U.S. at 684.)  "*While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.*"  (*Id.* at 679 (emphasis supplied).)

Plaintiff's first claim for relief is based on allegedly constitutionally violative interviews conducted (with no specified details) at King Middle School by Van Thillo, Tamodong-Bradley, and Levenson (under Evans' direction and supervision), and (with some details alleged) by Fierro and Van Thillo at BHS, which Pasarow authorized.  As to individual defendants Leyva-Cutler, Alper, Appel, Daniels, and Hemphill, there is but a single allegation – *viz.*, that these defendants (along with Van Thillo, Tamodong-Bradley, Levenson, Fierro, Evans, and Pasarow) somehow engaged in unspecified acts of negligent hire and retention of BUSD employees. (Complaint, ¶ 80.)

A civil rights claim must be pleaded with specificity.  (*See Sykes v. California*, 497 F.2d 197, 200 (9th Cir. 1974).)  The allegations here do not approach that standard.  In *Iqbal*, the complaint alleged: 1) that petitioners knew of, condoned, and willfully and maliciously agreed to subject plaintiff to harsh conditions of confinement as a matter of policy, solely on account of his

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

religion, race, and/or national origin and for no legitimate penological interest; and 2) that defendant (then United States Attorney General) John Ashcroft was the principal architect of this invidious policy.  The Court held these were "bare assertions amounting to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim" and that the plaintiff "would need to allege more by way of factual content to nudge his claim of purposeful discrimination across the line from conceivable to plausible."  (*Iqbal*, 556 U.S. at 680-681.) Plaintiffs' allegations here are likewise completely inadequate to constitute a constitutional claim for relief against these individual defendants where – with the exception of Van Thillo and Fierro – Plaintiffs have failed entirely to provide the needed factual specification as to how each individual defendant acted to deprive each of the named Plaintiffs of his/her constitutional or civil rights. Thus, even aside from the immunity issue, the first claim for relief is additionally and independently deficient as to all of individual defendants with the exception of Van Thillo and Fierro.

**B.      Plaintiffs' Second Claim for Relief for Education Discrimination/Retaliation Fails to State Sufficient Facts**

**1.      Plaintiffs Have Not Pled An Adequate Adverse School-Related Action**

A plaintiff seeking to establish a prima facie case for violation under Title VI of the Civil Rights Act of 1964[4] must show ". . . an adverse school-related action" flowing from the alleged discriminatory or retaliatory conduct.  (*See Papelino v. Albany Coll. of Pharm. of Union Univ.*, 633 F.3d 81, 91 (2d Cir. 2011) ("*Papelino*"); *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1232 (9th Cir.), *republished as amended*, 698 F.3d 715 (9th Cir. 2012) ("*Emeldi*").)  An adverse school-related action must be "materially adverse" within the meaning of Title IX's prohibition against retaliation.  To satisfy this requirement, the plaintiff must identify action that is adverse to a degree that it "might well have dissuaded a reasonable [person] from making or supporting a

---

[4] The second claim references, in addition to Title VI, California Education Code section 220.  The California claim involves the same requirement (as Title VI) of a casually proved harm through discriminatory conduct.  (*See Donovan v. Poway Unified School Dist.*, 167 Cal.App.4th 567, 581 (Cal.App. 2008) (section 220 claim, as with Federal Title IX claim, requires proof that allegedly unlawful discriminatory conduct resulted in actionable harm to the plaintiff); *Cornelius-Millan v. Caribbean Univ., Inc.*, 2016 U.S.Dist.LEXIS 66519, * 15 (D.P.R. 2016) (Title IX and Title VI are analyzed under same framework).)

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   charge of [or complaint about] discrimination."  (*Burlington Northern & Santa Fe Ry. v. White*,

2   548 U.S. 53, 68, (2006) ("*Burlington Northern*"); accord *Dawn L. v. Greater Johnstown School*

3   *Dist.*, 586 F.Supp.2d 332, 374 (W.D. Pa. 2008) (applying Title VII jurisprudence to Title IX

4   retaliation claim and recognizing that to qualify as materially adverse, retaliation must be such

5   that it would dissuade a reasonable person from making or supporting a report of alleged

6   harassment).)  Moreover, a material adverse action is only one that "produces injury or harm."

7   (*Burlington Northern*, 548 U.S. at 67.)

8       There is not substantial legal authority on what does constitute an adverse school-related

9   action but, unsurprisingly, the cases make clear it must be some adverse action related an

10  educational setting.  (*See Cornelius-Millan v. Caribbean Univ., Inc.*, 2016 U.S.Dist.LEXIS

11  66519, * 15 (D.P.R. 2016) (expulsion is a sufficient adverse school-related action); *Shalom v.*

12  *Hunter College of the City Univ. of N.Y.*, 645 Fed.Appx. 60 (2d Cir. 2016) (denial of leave

13  request, failing grade); *Tackett v. Univ. of Kan.*, 2017 U.S.Dist.LEXIS 19536, * 17 (D. Kan. Feb.

14  10, 2017) (denial of participation in winter rowing team training).)  Further, a lack of an explicit

15  action is fatal to such a claim.  (*See Gordon v. Traverse City Area Pub. Sch.*, 182 F.Supp.3d 715,

16  725 (W.D. Mich. 2016) (recommendations [following bullying complaint] to plaintiff that he

17  stay home until the atmosphere calmed down, change neighborhoods to make a new start, and

18  avoid classes with certain other students do not constitute adverse actions); *S.K. v. N. Allegheny*

19  *Sch. Dist.*, 168 F.Supp.3d 786, 804 (W.D. Pa. 2016) (allegedly inadequate response by school

20  district to bullying/harassment claims did not constitute an adverse school-related action).)

21      Here, Plaintiffs have not asserted a single school-related adverse consequence of the

22  complained of conduct.  Because of this failing, this claim cannot be pursued here.

23      **2.    Plaintiffs Have Failed to Allege Required Element of Protected Conduct to**
           **Pursue a Retaliation Claim**
24

25      A plaintiff seeking to establish a prima facie case of retaliation under Title VI must show:

26  "(1) protected activity by the plaintiff; (2) knowledge by the defendant of the protected activity;

27  (3) an adverse school-related action; and (4) a causal connection between the protected activity

28  and the adverse action." (*See Papelino*, *supra*, 633 F.3d at 91; *Emeldi*, *supra*, 673 F.3d at 1232).)

-9-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  To state such a claim here, Plaintiffs must plead that each of them was the victim of retaliatory

2  conduct for engaging in protected activity.  (*See Papelino*, 631 F.2d at 89, 92 (Second Circuit

3  held that student engaged in protected activity when he complained to the college's dean of

4  student affairs about the professor's discriminatory conduct, which included unwanted sexual

5  comments and advances); *Emeldi*, 673 F.3d at 1224 (court held that student engaged in protected

6  activity when she complained to the dean of the college of education and a university

7  administrator about "gender-based institutional bias" and "unequal treatment of female graduate

8  students."))

9        Here, there is no protected activity alleged as to Plaintiffs, which led to retaliation on the

10  part of Defendants.  Strikingly, instead, Plaintiffs allege that the "interrogations of Felarca's

11  current and former immigrant students were in retaliation for *her* anti-racist protests during off-

12  duty hours."  (Complaint, ¶ 119 (emphasis supplied).)  This is not the *Felarca Action*, and

13  alleged retaliation because of Felarca's protected conduct is not sufficient to sustain Plaintiffs'

14  retaliation theory of relief here.

15  **C.    Plaintiffs' Third Claim for Relief for Violation of First Amended Rights Fails to
            State Sufficient Facts**

16

17        Plaintiff's third claim for relief is stated against the BUSD, as well as <u>all</u> of the individual

18  defendants.  This claim suffers from similar deficiencies as the first claim for relief, namely, the

19  individual defendants are statutorily immune (*see* Cal. Govt. Code § 821.6), and the BUSD is

20  thus so vicariously.  (*See* Cal. Govt. Code § 815.2(b); *Masters*, supra, 32 Cal.App.4th at 39–40).)

21  The claim is legally infirm and incapable of amendment on this basis.  Further, again, with the

22  exception of Van Thillo and Fierro, Plaintiffs have failed entirely to provide the needed factual

23  specification as to how each individual defendant acted to deprive each of the Plaintiffs of their

24  constitutional rights.  On this additional basis, this claim is deficiently pled.

25  **D.    Plaintiffs' Fourth Claim for Relief for Violation of California Education Code
            Section 51101 Is Legally Infirm**

26

27        In their fourth claim for relief, Plaintiffs seek to state a private right of action under

28  California Education Code section 51101.  Section 51101 does not, however, provide for a

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   private right of action.  Indeed, in the only reported case authority on the matter, California

2   Central District Court Judge Otis Wright, II held that there is no such right of action created by

3   the legislation.  (*Camfield v. Bd. of Trs. of Redondo Beach Unified Sch. Dist.*, 2016

4   U.S.Dist.LEXIS 166903, * 11-14 (C.D.Cal. 2016).)  This claim, accordingly, fails as a matter of

5   law.[5]

6   **E.     Plaintiffs' Fifth Claim for Relief for Violation of the Bane Act Is Deficient**

7          Plaintiffs' Bane Act claim fails on manifold levels.  First, in order to recover under the

8   Bane Act, an individual must establish that he or she was subjected to acts of violence or

9   threatened acts of violence by the defendant based on his or her protected activity.  (*Venegas v.*

10  *County of Los Angeles*, 32 Cal.4th 820, 841–843 (Cal. 2004); *Jones v. Kmart Corp.*, 17 Cal.4th

11  329, 331 (Cal. 1998).)  Here, there is no factual specification of any threats, intimidation or

12  coercion on the part of the named defendants.

13         Additionally, the individual defendants are statutorily immune from liability.  California

14  Government Code section 821.6 immunity has been specifically held to apply to a Bane Act

15  claim.  (*See Trulove v. City & Cnty. of San Francisco*, 2016 U.S.Dist.LEXIS 141594, * 34 (N.D.

16  Cal. 2016) (Bane Act claim dismissed without leave on section 821.6 grounds).)  Further, where

17  the individual defendants are immune, the BUSD can have no liability under this claim.  Again, a

18  public entity is not liable for an employee's act if the employee is immune from liability under

19  state law.  (*See* Cal. Govt. Code § 815.2 (b); *Masters*, *supra*, 32 Cal.App.4th at 39–40.)  And,

20  again, other than as to Fierro and Van Thillo, there is insufficient specification of actionable

21  conduct alleged as to the named defendants.

22  **F.     Plaintiffs' Sixth Claim for Relief for Intentional Infliction of Emotional Distress Is**
        **Legally Deficient**
23

24         **1.     Plaintiffs Have Failed to Allege Compliance with the Government Tort**
                **Claims Act**

25         The Government Tort Claims Act (the "Act") requires that before a tort claim for money

26  or damages can be asserted against a California public entity, a written claim must first be timely

27

28  _____
    [5] This claim also fails – once again – due to Cal. Govt. Code sections 821.1 and 815.2  immunity for the
    individual defendants and the BUSD, respectively, and due to a lack of factual specificity.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    presented to the defendant and either rejected, or deemed rejected.  (Cal. Govt. Code §§ 905,

2    945.4; *see*, *also*, *Spencer v. Merced County Office of Educ.*, 59 Cal.App.4th 1429, 1434-35

3    (Cal.App. 1997).)  Such a claim for personal injury must be presented to the public agency not

4    later than six (6) months after the accrual of the cause of action and claims relating to any other

5    cause of action must be filed within one (1) year after the accrual.  (Cal. Govt. Code § 911.2(a).)

6    Failure to meet this statutory presentment requirement, or otherwise seek timely relief from a late

7    filing, bars a plaintiff from filing a lawsuit against the entity.  (*DiCampli-Mintz v. County of*

8    *Santa Clara*, 55 Cal.4th 983, 990 (Cal. 2012); *Utility Audit Co., Inc. v. City of Los Angeles*, 112

9    Cal.App.4th 950, 960 (Cal.App. 2003) (failure to comply with the claims requirement of the Act

10   is "fatal" to a later cause of action).)

11          The claims procedures and the statute of limitations applicable to actions against public

12   entities are the same for actions against California public employees.  (*See* Cal. Govt. Code §§

13   950.2, 950.6; *State of California (Bodde)*, 32 Cal.4th 1234,1243 (Cal. 2004) ("a plaintiff must

14   still allege in his complaint that he has complied with the claim statute in order to state a cause of

15   action against a public employee" (internal citations omitted).)  Thus, presentation of a claim to

16   the public employer, and the public employer's rejection of the claim, is a prerequisite to a legal

17   action against a public employee.  (*See* Cal. Govt. Code § 950.2; *see*, *also*, *Mazzola v. Feinstein*,

18   154 Cal.App.3d 305, 310 (Cal.App. 1984) ("[i]t is settled that the filing of a timely claim against

19   the employing public entity is a condition precedent to a tort action against either the public

20   entity or the employee"); *Harman v. Mono General Hospital*, 131 Cal.App.3d 607, 613

21   (Cal.App. 1982)  (same).)

22          Plaintiffs have failed to allege compliance with the Act.  Accordingly, this claim must be

23   dismissed.

24          **2.      There Are Insufficient Allegations to Constitute Claims Against the Named**
             **Individual Defendants, who Are Otherwise Statutorily Immune**
25

26          There is no specificity of allegations against the named individual defendants under the

27   IIED claim.  All are lumped together in the sixth claim for relief as having engaged in a variety

28   of conduct (*see* Complaint, ¶ 162) which allegedly resulted in severe emotional distress to all of

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   the Plaintiffs, but the individual defendants are afforded no notice, as they must be, as to the

2   specific conduct in which they allegedly engaged.  Further, the output of this imprecise pleading

3   style produces implausible inferences, which this Court need not credit.  (*See Iqbal*, *supra*,

4   556 U.S. at 678 (plausible factual claims required).)  For example, Mr. Evans, alleged to have

5   been the BUSD Superintendent (*see* Complaint, ¶ 21), is included in the lumped together

6   allegation of discriminatorily selecting students for abusive interviews, which stretches

7   plausibility beyond its permissible bounds even under liberal federal pleading standards.

8        Moreover, all of the individual defendants have immunity (*see* Cal. Govt. Code § 821.6)

9   for their acts in regards to the investigation involving Felarca, which appears to comprise all of

10  the factual matters lumped together under this claim.  As Justice Kennedy said in an analogous

11  setting in *Siegert v. Gilley*, 500 U.S. 226 (1991) (reversed on other grounds in *Pearson v.*

12  *Callahan*, 555 U.S. 223 (2009)):

13        [t]he heightened pleading standard is a departure from the usual pleading requirements of
14        Federal Rules of Civil Procedure 8 and 9(b), and departs also from the normal standard
          for summary judgment under Rule 56. But avoidance of disruptive discovery is one of the
15        very purposes for the official immunity doctrine, and it is no answer to say that the
          plaintiff has not yet had the opportunity to engage in discovery. The substantive defense
16        of immunity controls.  (500 U.S. at 236 (Kennedy, J., concurring).)

17  Unless this claim is made more specific, the individual defendants are simply not in a position to

18  plead to it.

19        **3.    The Claim in No Manner Approaches the Level of Egregiousness to
               Constitute an Actionable IIED claim**
20

21        The elements of a *prima facie* case of intentional infliction of emotional distress under

22  California law are: "(1) extreme and outrageous conduct by the defendant with the intention of

23  causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's

24  suffering severe or extreme emotional distress; and (3) actual and proximate causation of the

25  emotional distress by the defendant's outrageous conduct."  (*Tekle v. United States*, 511 F.3d

26  839, 855 (9th Cir. 2007) (quoting *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (Cal.

27  1982).)  The bar to such recovery is high:

28

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. . . .There is no occasion for the law to intervene in every case where someone's feelings are hurt.

(*See* Rest. (Second) Torts § 46, Comment (d); *see*, *also*, *Hughs v. Pair*, 46 Cal.4th 1035, 1051 (Cal. 2009).)

The allegations here are plainly insufficient.  Significantly, though <u>all</u> Plaintiffs sue <u>all</u> of the individual defendants under this claim, there are only specific allegations as to named Plaintiffs X.M. and Vargas, and named individual defendants Van Thillo and Fierro.  As to X.M., after being interviewed, she "was scared for her family and upset."  (Complaint, ¶ 67.)  Likewise, Vargas was interviewed, which included "intimate details" about her dealings with Felarca, such as, during one outing, "whether she at pizza that day."  (*Id.*, ¶ 72.)   She was "distraught" and "angry" after the interview.  (*Id.*, ¶ 74.)  The parent Plaintiffs, in turn, make no allegations to support a claim of intentional infliction of emotional distress.  "On its face, this conduct does not rise to the level of conduct that is 'atrocious[] and utterly intolerable in a civilized society.'"  (*Heine v. Vilsack*, 2014 WL 744619, *3 (E.D.Cal. 2014) (citing *Cochran v. Cochran,* 65 Cal. App.4th 488, 496 (Cal.App. 1998)); *see*, *also*, *Grant v. WMC Mortg. Corp.*, 2010 WL 2509415, *3 (E.D.Cal. 2010) (holding complaint that merely incorporated prior allegations by reference, failed to indicate specifically what conduct constituted intentional infliction of emotional distress and lumped all defendants together was "plainly insufficient" to plead a claim for intentional infliction of emotional distress).)

Thus, this claim should be dismissed as to these defendants. (*See  Steel v. City of San Diego*, 726 F.Supp.2d 1172, 1191-92 (S.D. Cal. 2010) (dismissing claim where plaintiff "offers only conclusory allegation that he suffered 'severe and extreme mental and emotional distress' as a result of [defendant's] conduct.")  Indeed, because Plaintiffs have failed entirely to specify the necessary allegations of outrageous conduct on facts known to them, this Court may determine to

-14-

dismiss without leave.  (*See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046 (9th Cir. 2011) (affirming dismissal without leave of intentional infliction of emotional distress claim where facts alleged were not inherently extreme and outrageous and plaintiffs failed to demonstrate facts that through amendment of complaint would meet this standard); *Katzenbach v. Grant*, 2005 WL 1378976, *18 (E.D.Cal. 2007) (dismissing complaint in the first instance without leave to amend for failure to plead extreme and outrageous conduct).)

## IV.   CONCLUSION

The Complaint is deficient.  The first and third-sixth claims for relief against the individually named defendants should be dismissed without leave due to these defendants' immunity, and against the BUSD's vicarious immunity.  The fourth claim for relief should be dismissed without leave as there is no private right of action afforded under the California Education Code section 51101.  The second claim for relief should be dismissed as there is no allegation of a school-related adverse action, and to the extent of the pled retaliation theory, there is no allegation of protected conduct.  The fifth claim for relief for violation of the Bane Act should be dismissed where the claim lacks the requisite threats of violence and coercion.  The sixth claim for relief should be dismissed due to Plaintiffs' failure to comply with the Government Tort Claims Act, and for lack of any allegations of sufficiently outrageous behavior on the named defendants' part.  To the extent otherwise found viable, the first and third-sixth claims for relief should be dismissed with leave so that Plaintiffs may attempt to cure the inadequate factual allegations.

Dated:  March 21, 2017          GORDON & REES SCULLY MANSUKHANI, LLP


By:   /S/  Jerome Schreibstein
       MARK S. POSARD
       JEROME SCHREIBSTEIN
Attorneys for Defendants
THE BERKELEY UNIFIED SCHOOL DISTRICT,
DONALD EVANS, BEATRIZ LEYVA-CUTLER,
TY ALPER, JUDY APPEL, JOSH DANIELS,
KAREN HEMPHILL, LISA VAN THILLO,
EVELYN TAMONDONG-BRADLEY, JANET
LEVENSON, SAM PASAROW, AND SHANNON
FIERRO

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1128827/32114503v.1