Lorenzo E. Gasparetti (SBN 135976)
LGasparetti@ReedSmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Mónica M. Ortiz (SBN 259282)
MOrtiz@ReedSmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant Marleen Sacks

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE VARGAS, et al.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>          Defendants. | Case No. 3:16-cv-06634-WHO<br><br>Honorable William H. Orrick III<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT MARLEEN SACKS FOR AWARD OF ATTORNEYS' FEES IN CONNECTION WITH PRIOR ANTI-SLAPP MOTION**<br><br>*[Concurrently filed with Memorandum of Points and Authorities, Declaration of Lorenzo E. Gasparetti and [Proposed] Order ]*<br><br>Date:     October 18, 2017<br>Time:    2:00 pm<br>Place:    Courtroom 2, 17th Floor<br><br>Compl. Filed:  November 16, 2016 |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that, on October 18, 2017, at 2:00 P.M., or as soon thereafter as the matter may be heard, in Courtroom 2 of the Honorable William H. Orrick at the United States District Court of the Northern District of California, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Marleen Sacks ("Ms. Sacks") will, and hereby does, move the Court for an award of reasonable attorneys' fees in the amount of at least $75,220.30 incurred in connection with her Motion to Strike Claims Pursuant to California Code of Civil Procedure Section 425.16 (California's anti-Strategic Lawsuit Against Public Participation or "anti-SLAPP" statute; hereinafter referred to as the "Anti-SLAPP Motion"), which was granted by this Court on August 10, 2017. *See* Dkt. No. 63. In making the present Motion, Ms. Sacks expressly reserves her right to seek additional attorneys' fees and costs in connection with any further briefing and the hearing of this Motion.

The present Motion is made pursuant to California Code of Civil Procedure Section 425.16(c) and based on this Notice, the concurrently filed Memorandum of Points and Authorities, Declaration of Lorenzo E. Gasparetti and the exhibits attached thereto, the complete files and records in this action, and upon any further briefing and evidence as may be presented to the Court prior to or at the hearing of this Motion.

DATED: September 12, 2017        REED SMITH LLP

By:     /s/ Lorenzo E. Gasparetti
Lorenzo E. Gasparetti
Attorneys for Defendant Marleen Sacks

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ....................................................................................................................... 1

II.  AUTHORITY FOR MANDATORY AWARD OF REASONABLE
     ATTORNEYS FEES ................................................................................................................. 1

III. AN AWARD OF $75,220.30 IN ATTORNEYS' FEES IS REASONABLE
     HERE ........................................................................................................................................ 2

IV.  CONCLUSION ......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.*,
   6 Cal. App. 5th 426 (2016) ...................................................................................................... 2

*Bernardo v. Planned Parenthood Fed. Of America*,
   115 Cal. App. 4th 322 (2004) .................................................................................................... 1

*City of Los Angeles v. Animal Defense League*,
   135 Cal. App. 4th 606 (2006) .................................................................................................... 1

*City of Montebello v. Vasquez*,
   1 Cal. 5th 409 (2016) ................................................................................................................ 2

*Ketchum v. Moses*,
   24 Cal. 4th 1122 (2001) ........................................................................................................ 1, 2

*Lafayette Morehouse, Inc. v. Chronicle Pub. Co.*,
   39 Cal. App. 4th 1379 (1995) .................................................................................................... 2

*Mann v. Quality Old Time Service, Inc.*,
   139 Cal. App. 4th 328 (2006). ................................................................................................... 2

*Moore v. Kaufman*,
   189 Cal. App. 4th 604 (2010) .................................................................................................... 2

*Robertson v. Rodriquez*,
   36 Cal. App. 4th 347 (1995) ...................................................................................................... 2

*Thompson v. Gomez*,
   45 F.3d 1365 (9th Cir. 1995) ..................................................................................................... 5

**Statutes**

California Code of Civil Procedure Section 425.16(c) ................................................................ 1, 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs (all eight of them) were provided with multiple opportunities to avoid responsibility for the attorneys' fees and costs that would be and later were in fact incurred on behalf of Ms. Sacks in connection with her defense to no less than five, improper California constitutional, statutory and common law claims asserted in the original Complaint in this action.  However, they failed even to acknowledge any of these opportunities, instead forcing Ms. Sacks' attorneys to file an Anti-SLAPP Motion, reply to their opposition briefing and prepare for as well as appear at the hearing of that Anti-SLAPP Motion.  *See* Declaration of Lorenzo E. Gasparetti ("Gasparetti Decl."), ¶ 3, Exhs. A – D.

Notably, although granting Ms. Sacks' Anti-SLAPP Motion, the Court also provided Plaintiffs with an opportunity to amend their Complaint.  *See* Dkt No. 63.  However, they failed to do so with respect to any of their stricken California claims, which have since been deleted from their proposed First Amended Complaint.  *See* Dkt No. 64.

Accordingly, pursuant to California Code of Civil Procedure Section 425.16(c), an award of reasonable attorneys' fees incurred on behalf of Ms. Sacks in connection with her Anti-SLAPP Motion is mandatory.  Ms. Sacks respectfully requests that she be awarded at least $75,220.30 in such attorneys' fees based on the billing and other supporting evidence provided herewith.

## II.   AUTHORITY FOR MANDATORY AWARD OF REASONABLE ATTORNEYS FEES

The "prevailing defendant" on an anti-SLAPP motion "shall be entitled" to recover attorneys' fees and costs.  *See* CA Code of Civ. Proc. Section 425.16(c); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) ("[A]ny SLAPP defendant who brings a successful motion to strike is ***entitled to mandatory attorney fees***."  (Emphasis added))"; *Bernardo v. Planned Parenthood Fed. Of America*, 115 Cal. App. 4th 322, 364 (2004) (rejecting due process and equal protection challenges to mandatory fee-shifting provision under Section 425.16(c)).  The purpose of this fee-shifting provision is both to discourage meritless lawsuits and to provide financial relief to the SLAPP lawsuit victim.  *See City of Los Angeles v. Animal Defense League*, 135 Cal. App. 4th 606, 627, fn.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

19 (2006) (disapproved on other grounds by *City of Montebello v. Vasquez*, 1 Cal. 5th 409, 416-419 (2017).

The fee award is against the losing plaintiff, not the losing plaintiff's attorney.  Plaintiff's counsel is not a party to the action and thus not subject to a fee award under Section 425.16.  *See Moore v. Kaufman*, 189 Cal. App. 4th 604, 614 (2010).

Although Section 425.16(c) does not specify what "fees and costs" are recoverable, the legislative history shows it was intended to allow only fees and costs incurred on the motion to strike, not the entire litigation.  *See Lafayette Morehouse, Inc. v. Chronicle Pub. Co.*, 39 Cal. App. 4th 1379, 1383 (1995).  Further, the courts have held that only such fees as the court deems reasonable are allowable.  *See Robertson v. Rodriquez*, 36 Cal. App. 4th 347, 362 (1995).

In setting a fee award under Section 425.16, courts apply the lodestar approach, i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate prevailing in the community for similar work.  *See 569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.,* 6 Cal. App. 5th 426, 432 (2016); *Ketchum,* 24 Cal. 4th at 1136 (discussing lodestar).  The lodestar amount may be adjusted by such factors as the moving party's attorney's experience and abilities, and the novelty and difficulty of the issues involved in the motion.  *See Mann v. Quality Old Time Service, Inc.,* 139 Cal. App. 328, 345 (2006).

**III.    AN AWARD OF $75,220.30 IN ATTORNEYS' FEES IS REASONABLE HERE**

The legal team at Reed Smith LLP that worked on Ms. Sacks' Anti-SLAPP Motion included the following attorneys:

**Lorenzo Gasparetti** – Lead Trial Counsel (practicing approximately 29 years – 1988 admission date).  Discounted billing rate charged in this matter:  $625/hr (current market rate:  $1,140/per hour).

**Monica Ortiz** – Senior Associate (practicing approximately 9 years – 2008 admission date).  Discounted billing rate charged in this matter:  $450/hr (current market rate:  $720/hr).

**Ariana Goodell** – Junior Associate (practicing approximately 1 year – 2017 admission date).  Discounted billing rate charged in this matter:  $350/hr (current market rate:  $475/hr).  *See* Gasparetti Decl. ¶ 4, Exh. E.

The heavily discounted billing rates charged in this matter are more than reasonable and even lower than typical in California for counsel with the level of experience such as those on Ms. Sacks' legal team at Reed Smith LLP, a global law firm.  Notably, by recent order of the United States District Court of the Central District of California awarding Reed Smith's client $445,835.69 in reasonable attorneys' fees, the Court (the Hon. Christina Snyder presiding) found Mr. Gasparetti's and Ms. Ortiz's even higher discounted billing rates in a similarly complex matter ($810/hr and $495/hr, respectively) to be reasonable.  *See* Gasparetti Decl., ¶ 4, Exh. F.

Lead counsel Lorenzo Gasparetti has been responsible for supervising the Reed Smith attorneys who billed time in connection with Ms. Sacks' defense of this action.  The work of those attorneys specifically in relation to Ms. Sacks' Anti-SLAPP Motion (which is considered summary judgment-like in nature) included researching and evaluating complex legal issues associated with the Anti-SLAPP statute, researching and evaluating complex procedural issues associated with the Anti-SLAPP Motion itself, researching and evaluating complex legal issues and defenses associated with the five California constitutional, statutory and common law claims (i.e., alleged violations of California's constitutional right to equal protection and free speech, violations of the Bane Act and the California Education Code as well as intentional infliction of emotional distress) asserted by Plaintiffs in the original Complaint, evaluating the differing alleged factual circumstances of the eight named Plaintiffs, conducting necessary fact investigation in support of the Anti-SLAPP Motion, preparing initial drafts of portions of the moving and reply briefs, reviewing and evaluating Plaintiffs' opposition briefing and submitted evidence (and preparing objections thereto), and preparing, assembling, organizing and filing the extensive final briefs and evidence in support of the Anti-SLAPP Motion .  *See* Gasparetti Decl., ¶ 5.

Mr. Gasparetti's supervisory role in this action also involved him directly engaging in non-duplicative, similar legal work in relation to Ms. Sacks' Anti-SLAPP Motion as well as preparing, editing, reviewing and finalizing all briefing and various communications to Plaintiffs' counsel in a good faith effort to avoid incurring the requested attorneys' fees.  Mr. Gasparetti also prepared, travelled from Los Angeles (where he is resident) to San Francisco and appeared for (as well as led the oral argument at) the hearing of Ms. Sacks' Anti-SLAPP Motion.  *See* Gasparetti Decl., ¶ 6.

In connection with this Motion, all Reed Smith time notes in this case were carefully reviewed. The hourly rates reflected in those entries are the substantially discounted hourly rates for the billing attorneys who primarily worked on Ms. Sacks' Anti-SLAPP Motion. To be as conservative as possible in calculating attorneys' fees relating to Ms. Sacks' Anti-SLAPP Motion, all billing timekeepers were required to keep track of their time in one-tenth of an hour increments and prohibited from "block billing". It was also ensured that all responsive time notes conformed to these strict requirements; therefore, all time notes submitted in support of this Motion contain an itemized description of the services performed and the amount of time, in 6 minute increments, allocated to each item. *See* Gasparetti Decl., ¶ 7.

In connection with this Motion, significant billing judgment in eliminating and/or reducing numerous time entries was exercised in order to (1) account for the fact that some time was dedicated to work that applied equally to Ms. Sack's Anti-SLAPP Motion and contemporaneously filed Motion to Dismiss (which is otherwise recoverable) and (2) avoid any possible duplication or inefficiency in the work performed in connection with Ms. Sacks' Anti-SLAPP Motion. For example, where a single time entry did not distinguish between work performed in connection with both Ms. Sacks' Anti-SLAPP Motion and contemporaneously filed Motion to Dismiss, the attorneys' fees were reasonably reduced by 50%. Also, other than in the case of Ms. Sacks' California "litigation privilege" defense (upon which the Court's Order granting Ms. Sacks' Anti-SLAPP Motion was in large part premised), time spent on legal research, analysis and briefing that was inextricably intertwined with Ms. Sack's Anti-SLAPP Motion and Motion to Dismiss (which, again, is otherwise recoverable) was nonetheless significantly reduced. The time incurred in connection with Ms. Ortiz's preparation for and appearance at the hearing of the Anti-SLAPP Motion was also deleted. The attorneys' hours and fees reduced, eliminated and/or deleted for the reasons stated above total approximately 86.9 hours and $46,252.50, respectively. *See* Gasparetti Decl., ¶ 8.

The revised billing entries, after the exercise of billing judgment, reflect fair and reasonable attorneys' hours and fees totaling approximately 142.4 hours and $68,970.30, respectively. As

revised, the time and fees reflected on these entries were all reasonably incurred in connection with Ms. Sack's Anti-SLAPP Motion. *See* Gasparetti Decl., Paras. 9 and 13, Exh. G.

Separately calculated is at least 10 hours and $6,250 of Mr. Gasparetti's time in connection with the preparation of this Motion for Award of Attorneys' Fees, including the review and allocation of all time notes for this action, as set forth herein. In the exercise of further billing judgment, at least 5 hours and approximately $1,000 of paralegal time in assisting Mr. Gasparetti with these tasks was excluded from this Motion. *See Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995) (time spent preparing a request for attorneys' fees and associated materials is also recoverable). *See* Gasparetti Decl., ¶ 10.

With the inclusion of the time spent preparing this Motion for Award of Attorneys' Fees, the total reasonable attorneys' hours and fees that Reed Smith incurred on behalf of Ms. Sacks in connection with her Anti-SLAPP Motion are 152.4 hours and $75,220.30, respectively. *See* Gasparetti Decl., ¶ 11.

Ms. Sacks also incurred reasonable costs in connection with her Anti-SLAPP Motion, including filing fees, hearing transcript fees, travel expenses for the hearing in San Francisco and on-line legal research fees (e.g., LexisNexis and Westlaw charges), none of which are being sought in the exercise of yet further billing judgment. *See* Gasparetti Decl., ¶ 13.

However, Ms. Sacks reserves her right to seek additional attorneys' fees as well as costs in connection with any further briefing relating to this Motion and the hearing thereof.

## IV.   CONCLUSION

For the foregoing reasons, Ms. Sacks respectfully requests that the Court grant this Motion, awarding her at least $75,220.30 in reasonable attorneys' fees incurred in connection with her Anti-SLAPP Motion.

DATED:  September 12, 2017          REED SMITH LLP

By:     /s/ Lorenzo E. Gasparetti
        Lorenzo E. Gasparetti
        Attorneys for Defendant Marleen Sacks