Lorenzo E. Gasparetti (SBN 135976)
LGasparetti@ReedSmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Mónica M. Ortiz (SBN 259282)
MOrtiz@ReedSmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant Marleen Sacks

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE VARGAS, et al., | Case No. 3:16-cv-06634-WHO |
| Plaintiffs, | Honorable William H. Orrick III |
| vs. | **DECLARATION OF LORENZO E. GASPARETTI IN SUPPORT OF DEFENDANT MARLEEN SACKS' MOTION FOR AWARD OF ATTORNEYS' FEES IN CONNECTION WITH PRIOR ANTI-SLAPP MOTION** |
| BERKELEY UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | *[Concurrently filed with Notice of Motion and Motion; Memorandum of Points and Authorities and [Proposed] Order ]* |
| | Date:     October 18, 2017<br>Time:     2:00 pm<br>Place:     Courtroom 2, 17th Floor |
| | Compl. Filed:  November 16, 2016 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 3:16-cv-06634-WHO

DECLARATION OF LORENZO E. GASPARETTI IN SUPPORT OF DEFENDANT MARLEEN SACKS' MOTION
FOR AWARD OF ATTORNEYS' FEES IN CONNECTION WITH PRIOR ANTI-SLAPP MOTION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## DECLARATION OF LORENZO E. GASPARETTI

I, Lorenzo E. Gasparetti, declare as follows:

1.      I am a partner with the law firm of Reed Smith LLP and lead counsel for Defendant Marleen Sacks ("Ms. Sacks") in the above-captioned action.  I am admitted to practice in the State of California and before the United States District Court of the Northern District of California, and am a member of good standing in the state bar.  I make this declaration in support of Ms. Sacks' Motion for Award of Attorneys' Fees In connection With Order Granting Anti-SLAPP (Strategic Lawsuit Against Public Participation) Motion in this action.

2.      Unless otherwise stated, I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would competently testify thereto.

3.      Although provided with multiple opportunities (both before the filing of Ms. Sacks' Anti-SLAPP Motion as well as before and after the Court's Order granting it) to avoid responsibility for Ms. Sacks' attorneys' fees and costs incurred in connection with her Anti-SLAPP Motion, Plaintiffs failed even to acknowledge any of these opportunities.  Attached hereto as **Exhibits A – D** are true and correct copies of the letters and emails that I sent to Plaintiffs' counsel in this regard.

4.      The legal team at Reed Smith that worked on Ms. Sacks' Anti-SLAPP Motion included the following attorneys:

**Lorenzo Gasparetti –** Lead Trial Counsel (practicing almost 29 years – 1988 admission date; web profile attached hereto as **Exhibit E**). Discounted billing rate charged in this matter:  $625/hr (current market rate:  $1,140/per hour).

**Monica Ortiz** – Senior Associate (practicing almost 9 years – 2008 admission date) Discounted billing rate charged in this matter:  $450/hr (current market rate:  $720/hr).

**Ariana Goodell** – Junior Associate (practicing almost 1 year – 2016 admission date) Discounted billing rate charged in this matter:  $350/hr (current market rate:  $475/hr).

The heavily discounted billing rates charged in this matter are more than reasonable and even lower than typical in California for counsel with the level of experience such as those on Ms. Sacks' legal team at Reed Smith LLP, a global law firm.  Attached hereto as **Exhibit F** is a true and correct copy of a recent order of the United States District Court of the Central District awarding Reed

Smith's client $445,835.69 in reasonable attorneys' fees in which the Court (the Hon. Christina Snyder presiding) found my own and Ms. Ortiz's even higher discounted billing rates in a similarly complex matter ($810/hr and $495/hr, respectively) to be reasonable.

5.      I have been responsible for supervising the Reed Smith attorneys who billed time in connection with Ms. Sacks' defense of this action.  The work of those attorneys specifically in relation to Ms. Sacks' Anti-SLAPP Motion (which is considered summary judgment-like in nature) included researching and evaluating complex legal issues associated with the Anti-SLAPP statute, researching and evaluating complex procedural issues associated with the Anti-SLAPP Motion itself, researching and evaluating complex legal issues and defenses associated with the five California constitutional, statutory and common law claims (i.e., alleged violations of California constitutional rights to equal protection and freedom of speech, violations of the Bane Act and the California Education Code as well as intentional infliction of emotional distress) asserted by Plaintiffs in the original Complaint, evaluating the differing alleged factual circumstances of the eight named Plaintiffs, conducting necessary fact investigation in support of the Anti-SLAPP Motion, preparing initial drafts of portions of the moving and reply briefs, reviewing and evaluating Plaintiffs' opposition briefing and submitted evidence (and preparing objections thereto), and preparing, assembling, organizing and filing the extensive final briefs and evidence in support of the Anti-SLAPP Motion .

6.      My supervisory role in this action also involved me directly engaging in non-duplicative, similar legal work in relation to Ms. Sacks' Anti-SLAPP Motion as well as preparing, editing, reviewing and finalizing all briefing and various communications to Plaintiffs' counsel in a good faith effort to avoid incurring the requested attorneys' fees.  I also prepared, travelled from Los Angeles (where I am resident) to San Francisco and appeared for (as well as led the oral argument at) the hearing of Ms. Sacks' Anti-SLAPP Motion.

7.      In preparing this declaration, I reviewed all time notes in this case.  The hourly rates reflected in those entries are the discounted hourly rates for the billing attorneys who primarily worked on Ms. Sacks' Anti-SLAPP Motion.  To be as conservative as possible in calculating attorneys' fees relating to Ms. Sacks' Anti-SLAPP Motion, I required all billing timekeepers to keep

DECLARATION OF LORENZO E. GASPARETTI IN SUPPORT OF DEFENDANT MARLEEN SACKS' MOTION FOR AWARD OF ATTORNEYS' FEES IN CONNECTION WITH PRIOR ANTI-SLAPP MOTION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

track of their time in one-tenth of an hour increments and prohibited them from "block billing".  In preparing this declaration, I ensured that all responsive time notes conformed to these strict requirements; therefore, all time notes submitted in support of this declaration contain an itemized description of the services performed and the amount of time, in 6 minute increments, allocated to each item.

8.      Before submitting this declaration, I also exercised significant billing judgment in eliminating and/or reducing numerous time entries to (1) account for the fact that some time was dedicated to work that applied equally to Ms. Sack's Anti-SLAPP Motion and contemporaneously filed Motion to Dismiss (which is otherwise recoverable) and (2) avoid any possible duplication or inefficiency in the work performed in connection with Ms. Sacks' Anti-SLAPP Motion..  For example, where a single time entry did not distinguish between work performed in connection with both Ms. Sacks' Anti-SLAPP Motion and contemporaneously filed Motion to Dismiss, the attorneys' fees were reasonably reduced by 50%.  Also, other than in the case of Ms. Sacks' California "litigation privilege" defense (upon which the Court's Order granting Ms. Sacks' Anti-SLAPP Motion was in large part premised), time spent on legal research, analysis and briefing that was inextricably intertwined with Ms. Sack's Anti-SLAPP Motion and Motion to Dismiss (which, again, is otherwise recoverable) was nonetheless significantly reduced.  The time incurred in connection with Ms. Ortiz's preparation for and appearance at the hearing of the Anti-SLAPP Motion was also deleted.  The attorneys' hours and fees reduced, eliminated and/or deleted for the reasons stated above total approximately 86.9 hours and $46,252.50, respectively.

9.      The revised billing entries, after the exercise of my billing judgment, reflect fair and reasonable attorneys' hours and fees totaling approximately 142.4 hours and $68,970.30, respectively.  As revised, the time and fees reflected on these entries were all reasonably incurred in connection with Ms. Sack's Anti-SLAPP Motion.

10.      I have separately calculated at least 10 hours and $6,250 of my time in connection with the preparation of this Motion for Award of Attorneys' Fees, including the review and allocation of all time notes in this case, as described herein.  In the exercise of further billing judgment, I have excluded from this request at least 5 hours and $1,000 of paralegal time in assisting

DECLARATION OF LORENZO E. GASPARETTI IN SUPPORT OF DEFENDANT MARLEEN SACKS' MOTION
FOR AWARD OF ATTORNEYS' FEES IN CONNECTION WITH PRIOR ANTI-SLAPP MOTION

1  me with these tasks.

2      11.    With the inclusion of the time spent preparing this Motion for Award of Attorneys'

3  Fees, the total attorneys' hours and fees that Reed Smith reasonably incurred on behalf of Ms. Sacks

4  in connection with her Anti-SLAPP Motion are 152.4 hours and $75,220.30, respectively.

5      12.    Attached hereto as **Exhibit G** is a true and correct copy of the contemporaneous time

6  notes that were billed in connection with Ms. Sacks' Anti-SLAPP Motion and that were included in

7  the calculation of attorneys' fees provided in this declaration.

8      13.    Ms. Sacks also incurred costs in connection with her Anti-SLAPP Motion, including

9  filing fees, hearing transcript fees, my travel expenses for the hearing in San Francisco and on-line

10 legal research fees (e.g., LexisNexis and Westlaw charges), none of which are being sought in the

11 exercise of yet further billing judgment.

12     14.    Based on my experience in complex litigation and my personal familiarity with the

13 work performed in connection with Ms. Sacks' Anti-SLAPP Motion, I believe that the attorneys'

14 fees included in this request are both fair and reasonable.

15

16     I declare under penalty of perjury under the laws of the United States of America that the

17 foregoing is true and correct.  Executed this 12th day of September, 2017, in Los Angeles,

18 California.

19

20                          By:    ___/s/ Lorenzo E. Gasparetti_____
                                        Lorenzo E. Gasparetti
21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. 3:16-cv-06634-WHO                        – 4 –

DECLARATION OF LORENZO E. GASPARETTI IN SUPPORT OF DEFENDANT MARLEEN SACKS' MOTION
FOR AWARD OF ATTORNEYS' FEES IN CONNECTION WITH PRIOR ANTI-SLAPP MOTION

# EXHIBIT A

# ReedSmith

Lorenzo E. Gasparetti
Direct Phone:  +1 213 457 8038
Email:  lgasparetti@reedsmith.com

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Tel +1 213 457 8000
Fax +1 213 457 8080
reedsmith.com

March 8, 2017

**Via Email and U.S. Mail**

Ronald Cruz
United for Equality and Affirmative Action
Legal Defense Fund
1985 Linden Street
Oakland, CA 94607

Shanta Driver
United for Equality and Affirmative Action
Legal Defense Fund
1985 Linden Street
Oakland, CA 94607

RE:   **Lupe Vargas, et. Al. v. Berkeley Unified School District, et al. – USDC, N. D. of CA,
      Case No. 3;16-cv-06634-JCS**

Dear Mr. Cruz and Ms. Driver:

This office represents Marleen Sacks, who has been named individually as a defendant in the above-referenced lawsuit.  As there is no valid basis for any of the claims against Ms. Sacks and her involvement as a named defendant in the action is otherwise unnecessary, your clients are hereby requested to voluntarily dismiss her from this action forthwith.

As initial matter, perhaps you are unaware that Ms. Sacks is not an employee of the Berkeley Unified School District ("BUSD", which is separately represented in this action by Mark Posard and Jerome Shreibstein of Gordon & Rees, who are copied here), but a private, outside lawyer who represents BUSD in certain matters and is separately represented in this action by my office (not BUSD's counsel).  Accordingly, as she is not an employee of any governmental agency, there is no basis for any of the statutory claims asserted against her.

Further, given the stringent federal pleading standards, none of the claims asserted allege facts sufficient to state a claim against Ms. Sacks.  In particular, Ms. Sacks is alleged to have interviewed only one of the named plaintiffs and even those allegations fall well short of stating any of the asserted claims against her.

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MUNICH ♦ NEW YORK ♦ PARIS
PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-133167489.1

ReedSmith

Ronald Cruz
Shanta Driver
March 8, 2017
Page 2

There are numerous other problems with your clients' pleading that are fatal to their claims against Ms. Sacks, including but not limited to the following:  (1) Ms. Sacks' alleged interview of the aforementioned plaintiff is subject to the litigation privilege, (2) her alleged interview is not subject to California Civil Code Sec. 52.1(b) (the Bane Act), (3) there is no private right of action for an alleged violation of California Education Code Section 51100) and (4) there is no allegation of the type of extreme and outrageous conduct necessary to support a claim for intentional infliction of emotional distress.

Moreover, all of the California law claims asserted against Ms. Sacks are subject to a motion to strike pursuant to California Code of Civil Procedure Section 425.16, the so-called anti-SLAPP statute ("Strategic Lawsuits Against Public Participation").  Ms. Sacks will easily meet her initial burden of demonstrating (through substantial evidence) that the alleged conduct was in furtherance of First Amendment rights to petition or free speech as she was participating (as outside counsel to the BUSD) in an investigation regarding improper conduct on the part of a BUSD teacher (Yvette Felarca) involving students both inside and outside the classroom.  That, in turn, will shift the burden to plaintiffs to demonstrate that they can prevail on the merits of their claims against Ms. Sacks, which for the reasons stated above, they will be unable to do.

As Section 425.16 authorizes the award of the moving party's reasonable attorneys' fees from the non-moving parties, we strongly encourage you to discuss this matter with your clients immediately and let us know no later than *Wednesday, March 15, 2017 by 5 pm* whether your clients will voluntarily dismiss Ms. Sacks from this action.

If you would like to discuss this further, please call me as soon as possible.

Very truly yours,

Lorenzo E. Gasparetti

LEG:mh

cc: Jerry Shreibstein and Mark Posard, Gordon & Rees
    Counsel for the Berkeley Unified School District

# EXHIBIT B

**Gasparetti, Lorenzo E.**

| | |
|---|---|
| **From:** | Jerry Schreibstein <jschreibstein@gordonrees.com> |
| **Sent:** | Saturday, April 01, 2017 10:22 AM |
| **To:** | Gasparetti, Lorenzo E.; Ronald Cruz; Ortiz, Mónica M.; Mark Posard; Jerry Schreibstein |
| **Cc:** | Shanta Driver |
| **Subject:** | RE: Request to stipulate to one-week extension in Vargas v. BUSD Case No. 3:16-cv-06634-WHO |

The BUSD Defendants are not willing to stipulate but will not oppose a request if it includes added response time for the replies which corresponds with whatever added time plaintiffs seek for their opposition briefing. Also, echoing Ms. Sacks' counsel, we would strongly suggest that Plaintiffs consider dismissing all/portions of their claims and the individual defendants.

Sent from my Windows Phone

From: Gasparetti, Lorenzo E.<mailto:LGasparetti@ReedSmith.com>
Sent: 3/31/2017 3:56 PM
To: Ronald Cruz<mailto:ronald.cruz@ueaa.net>; Ortiz, Mónica M.<mailto:MOrtiz@ReedSmith.com>; Mark Posard<mailto:MPosard@gordonrees.com>; Jerry Schreibstein<mailto:jschreibstein@gordonrees.com>
Cc: Shanta Driver<mailto:shanta.driver@ueaa.net>
Subject: Re: Request to stipulate to one-week extension in Vargas v. BUSD Case No. 3:16-cv-06634-WHO

On behalf of Defendant Marleen Sacks in the Vargas matter, we will not stipulate.

However, we strongly encourage you to consider our earlier meet and confer letter (to which there was no response) and voluntarily dismiss Ms. Sacks from this action forthwith.

Lorenzo Gasparetti
Reed Smith LLP

Attorneys for Defendant Marleen Sacks

Sent from my BlackBerry 10 smartphone on the Verizon Wireless 4G LTE network.
From: Ronald Cruz
Sent: Friday, March 31, 2017 10:41 AM
To: Gasparetti, Lorenzo E.; Ortiz, Mónica M.; Mark Posard; Jerry Schreibstein
Cc: Shanta Driver
Subject: Request to stipulate to one-week extension in Vargas v. BUSD Case No. 3:16-cv-06634-WHO

Good morning counsel:

As you probably are aware, our firm is also responding to a 12(b)(6) motion in related case Felarca v. BUSD. We presently also have 3 motions in Vargas v. BUSD to respond to by April 4. Plaintiffs seek to ask Judge Orrick for a one-week extension to April 11 to respond to Defendants' three motions. We believe this is reasonable given the circumstance which include that Plaintiffs must respond to multiple briefs.

Would other parties stipulate to this request? We would like to receive a response by 5pm today. Thank you.

Ronald Cruz

--

Ronald Cruz
Organizer and Attorney, United for Equality and Affirmative Action Legal Defense Fund (UEAALDF) phone (510) 875-4463
fax (313) 586-0089 ronald.cruz@ueaa.net<mailto:ronald.cruz@ueaa.net>

---------------------------------------------------------------

ATTORNEY-CLIENT PRIVILEGED & CONFIDENTIAL COMMUNICATION:
This e-mail message is for the sole use of the designated recipient(s) and may contain legally confidential and privileged
information. Any unauthorized review, use, distribution or disclosure is strictly prohibited.  If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of the original message.

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have
received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this
message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person.
Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

---

–

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Maryland * Massachusetts *
Missouri * Nevada * New Jersey * New York * North Carolina * Ohio * Oregon * Pennsylvania * South Carolina * South
Dakota * Texas * Virginia * Washington * Washington, DC * West Virginia

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is
intended only for the use of the intended recipients identified above. If you are not the intended recipient of this
communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or
copying of this communication is strictly prohibited. If you are not the intended recipient and have received this
communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

GORDON & REES LLP
http://www.gordonrees.com

# EXHIBIT C

# ReedSmith

**Lorenzo E. Gasparetti**
Direct Phone: +1 213 457 8038
Email: lgasparetti@reedsmith.com

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Tel +1 213 457 8000
Fax +1 213 457 8080
reedsmith.com

August 7, 2017

**Via Email and U.S. Mail**

Ronald Cruz
United for Equality and Affirmative Action
Legal Defense Fund
1985 Linden Street
Oakland, CA 94607

Shanta Driver
United for Equality and Affirmative Action
Legal Defense Fund
1985 Linden Street
Oakland, CA 94607

RE:   **Lupe Vargas, et. al. v. Berkeley Unified School District, et al. – USDC, N. D. of CA,
Case No. 3;16-cv-06634-JCS**

Dear Mr. Cruz and Ms. Driver:

On March 8, 2017, I sent a letter to you urging Plaintiffs to voluntarily dismiss this action against my client, Marleen Sacks, and thereby avoid exposing Plaintiffs to the prospect of having to pay Ms. Sacks' reasonable attorneys' fees in connection with her then-expected Anti-SLAPP Motion pursuant to California Code of Civil Procedure § 425.16.  You failed to respond and Ms. Sacks thereafter filed her Anti-SLAPP Motion.

On June 28, 2017, the Court heard oral argument on Ms. Sacks' Anti-SLAPP Motion (as well as her Motion to Dismiss) and stated that its tentative ruling was to grant her Motion.  Accordingly, we are again offering Plaintiffs a waiver of Ms. Sacks' reasonable attorneys' fees in connection with her Anti-SLAPP Motion in exchange for an immediate voluntary dismissal of Plaintiffs' entire action against her with prejudice.  This offer will remain open until there is a final ruling on Ms. Sacks' Anti-SLAPP

Ronald Cruz
Shanta Driver
August 7, 2017
Page 2

**ReedSmith**

Motion or any earlier notice of withdrawal of this offer.  Please advise your clients forthwith.

Very truly yours,

*Lorenzo E. Gasparetti*
Lorenzo E. Gasparetti

LEG:mh

cc: Jerry Shreibstein and Mark Posard, Gordon & Rees
    Counsel for the Berkeley Unified School District

# EXHIBIT D

# ReedSmith

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
Tel +1 213 457 8000
Fax +1 213 457 8080
reedsmith.com

Lorenzo E. Gasparetti
Direct Phone:  +1 213 457 8038
Email:  lgasparetti@reedsmith.com

August 16, 2017

**Via Email and U.S. Mail**

Ronald Cruz
United for Equality and Affirmative Action
Legal Defense Fund
1985 Linden Street
Oakland, CA 94607

Shanta Driver
United for Equality and Affirmative Action
Legal Defense Fund
1985 Linden Street
Oakland, CA 94607

RE:   **Lupe Vargas, et. al. v. Berkeley Unified School District, et al. – USDC, N. D. of CA,**
       **Case No. 3;16-cv-06634-JCS**

Dear Mr. Cruz and Ms. Driver:

This is in follow-up to my letter of August 7 and telephone message to Mr. Cruz following the Court's August 10 final ruling granting Ms. Sacks' Anti-SLAPP Motion with leave to amend.  In light of that ruling, Ms. Sacks hereby offers to extend Plaintiffs' time to voluntarily dismiss this entire action against her with prejudice in exchange for a waiver of the significant attorney's fees incurred in connection with the aforementioned Anti-SLAPP Motion pursuant to Code of Civil Procedure § 425.16 until *5 p.m. on August 29, 2017*.  Please communicate this offer to your clients forthwith.

Very truly yours,

*Lorenzo E. Gasparetti*

Lorenzo E. Gasparetti

LEG:mh

cc: Jerry Schreibstein and Mark Posard, Gordon & Rees
    Counsel for the Berkeley Unified School District

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MUNICH ♦ NEW YORK ♦ PARIS
PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-136125657.1

# EXHIBIT E



# Lorenzo E. Gasparetti

Partner



Lorenzo is a member of the Complex Litigation Group, Co-leader of the Business & Corporate Disputes team and Managing Partner of the firm's Los Angeles office. In his multiple roles, Lorenzo is able to marshal the legal talent and resources both locally and across the United States to tackle the range of commercial litigation affecting our clients in various industry sectors. His teams are not only vastly experienced, but tremendously diverse.

Lorenzo himself has handled a wide array of commercial disputes for local, national and international businesses. Currently, his practice focuses on commercial litigation affecting two of Reed Smith's largest client bases – the life sciences and financial services industries. In particular, Lorenzo regularly provides consultation and serves as lead counsel for Reed Smith's pharmaceutical and medical device clients on a full range of contract matters, including collaboration, co-promotion, joint venture, license, distribution, pricing, manufacturing, supply and distribution disputes. Additionally, he is frequently called upon to defend bank and lender clients in both individual and class actions involving claims of unfair business practices (CA Business & Professions Code Sections 17200) and violations of federal and state laws and regulations governing mortgages and other consumer lending transactions.

Lorenzo also has substantial experience in the defense of law firms and attorneys sued for legal malpractice, breaches of fiduciary duties and conflicts of interest. He has achieved victories for major national and international law firms, handled disqualification proceedings and successfully negotiated confidential settlements before the commencement of litigation. These professional liability cases typically involve complex underlying litigation and transactional work, such as in connection with large-scale real estate and construction projects.

Lorenzo has not only led numerous trial teams, he has also managed and coordinated multi-jurisdictional litigation and nationwide discovery proceedings.

Lorenzo is a conscientious and dynamic lawyer, partner and leader. Throughout his practice and management experience, he has honed his advocacy and consultancy skills and possesses a unique ability to understand the issues that his clients are facing and help them to find the most advantageous and optimal solutions. He has also developed excellent communication and leadership skills, which enables him to provide guidance and support to his teams and give them the same confidence to work in the direction that is best suited to the needs of the clients.

## Representative Matters

- Lead counsel for international pharmaceutical company in commercial litigation involving the Robinson-Patman Act and group purchasing organization (GPO) discounts. Summary judgment in favor of client.

- Lead counsel for international pharmaceutical company in commercial litigation involving license/royalty dispute and change of control/assignment issues. Summary judgment in favor of client.

- Lead counsel for international pharmaceutical company in multi-jurisdictional dispute with collaboration partner regarding launch and commercialization of new drug. $250 million damages claim.

- Lead counsel for European distributor of medical devices in dispute involving termination of distribution agreement and survival of foreign government contract obligations.

- Lead counsel for national long-term care company (Manor Care) in representative action involving alleged Medicare fraud and Section 17200 claim. Action dismissed on demurrer and affirmed on appeal - Stanley Pitluck v. Beverly Enterprises, Inc., et al. (CA Court of Appeal, 2nd App. Dist. 2005).

**Los Angeles**
+1 213 457 8038

lgasparetti@reedsmith.com

**Education**

University of California, Berkeley, Boalt Hall School of Law, 1988, J.D.

University of California, Berkeley, 1984, B.A.

University of Padova, Italy, 1982

**Court Admissions**

All State and Federal Courts - California

**Professional Admissions**

California

District of Columbia (inactive status)

**Languages Spoken**

Italian

- Lead counsel for several Deutsche Bank entities in California residential mortgage litigation. [Order granting motion for summary judgment affirmed on appeal -- Pacheco v. MortgageIT, et al. (9th Cir. 2011); order granting motion to dismiss in MDL affirmed on appeal -- In Re Mortgage Electronic Registration Systems (MERS) Litigation (9th Cir. 2014).]

- Lead counsel for Private National Mortgage Acceptance Company LLC (PennyMac) in California residential mortgage litigation.

- Lead counsel for GMAC Mortgage in class and "mass" actions involving alleged violations of California statutes governing interest on impound accounts and loan fees as well as federal Truth-In-Lending laws.

- Lead counsel for international law firm in legal malpractice/breach of fiduciary duty action involving large real estate development and partnership dispute; $200 million damages claim. Case dismissed on motion for terminating sanctions.

- Lead counsel for international law firm in legal malpractice/breach of fiduciary duty action involving development of Indian gaming facility; $200 million damages claim. Motions for summary adjudication granted.

- Lead counsel for California law firm in legal malpractice/breach of fiduciary duty action and cross-action for attorneys' fees and fraudulent transfer arising out of large-scale real estate transaction; $50 million claim for damages. Legal malpractice case dismissed on summary judgment; $1 million jury verdict on client's claims for attorneys' fees and fraudulent transfer.

- Lead counsel for automobile club in class action involving subrogation rights and unfair business practices claim (Section 17200). Action dismissed on motion for judgment on pleadings and affirmed on appeal -- Camacho v. Automobile Club of Southern California, et al. (CA Court of Appeal, 2nd App. Dist. 2006).

## Professional and Community Affiliations

- State Bar of California, Litigation Section

- Los Angeles County Bar Association

- Association of Business Trial Lawyers (ABTL), Board of Governors

- ABA Standing Committee on Lawyers' Professional Liability

- Italian-American Lawyers Association

# EXHIBIT F

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**     (IN CHAMBERS) - DEFENDANT'S ATTORNEYS' FEES APPLICATION (Filed December 19, 2016, Dkt. 115)

## I.     INTRODUCTION

On November 14, 2016, the Court granted plaintiff's motion to voluntarily dismiss this action.  The background and procedural history are set forth at length in the Court's order granting plaintiff's motion to voluntarily dismiss the complaint.  See Dkt. 110.  In said order, the Court awarded defendant, Helwan, reasonable attorneys' fees and ordered defendant to submit evidence of its attorneys' fees. Dkt. 110.  On December 5, 2016, Lorenzo Gasparetti, counsel for Helwan, filed a declaration setting forth the attorneys' fees incurred by Helwan in this action between the time it was first filed and subsequently dismissed.  Dkt. 111.  On December 8, 2016, the Court, having examined Gasparetti's declaration, denied defendant's request for attorneys' fees without prejudice. Dkt. 113.  The Court ordered Helwan to file records including the number of hours worked, by whom, and a summary of the work performed sufficient to enable the Court to evaluate whether defendant's request is reasonable and calculate an appropriate lodestar. Id.

On December 19, 2016, Gasparetti filed a second declaration regarding Helwan's attorneys' fees.  Dkt. 114 ("Gasparetti Decl.").  To date plaintiff has not filed any opposition to Helwan's requested attorneys' fees.

Having carefully considered defendant's submission, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

## II.   LEGAL STANDARD

Where fee awards are appropriate and available, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Ninth Circuit applies the "lodestar" method, designed to determine the basic fee for comparable legal services in the community. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir.2008). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Id. The Court has an independent duty to determine whether the hours and hourly rates submitted by the fee applicant are "reasonable," and to reach its own "lodestar" value, which is "the number of hours reasonably expended ... multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. Once the lodestar has been calculated, a court may "adjust [it] upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." Van Gerwen v. Guar. Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir.2000). The party seeking fees must submit evidence supporting the number of hours worked, and the district court should exclude "hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Van Gerwen, 214 F.3d at 1045 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "The trial court may 'reduce the award or deny one altogether' if the fee request 'appears unreasonably inflated.'" Drumm v. Morningstar, Inc., 695 F.Supp.2d 1014, 1023 (N.D.Cal.2010) (quoting Serrano v. Unruh, 652 P.2d 985 (1982)).

## III.   DISCUSSION

Helwan seeks a total of $552,467.79 in attorneys' fees. Helwan has submitted extensive documentation of its attorneys' fees, including its counsel's invoices for legal services rendered by five attorneys and one paralegal who worked as Helwan's defense counsel in this action. See Gasparetti Decl. Ex. 2. The Gasparetti declaration also explains the basis for the hourly rates charged by each member of the defense team, all of which the Court finds to be reasonable in light of their respective levels of experience and the local legal market. In addition to the invoices themselves, Helwan has submitted a summary document associating hours worked with separate stages of the litigation. Gasparetti Decl. Ex. 3. For simplicity, the Court will use the categories identified by Helwan in its summary document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |

| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. |

### A.   Reasonable Requests

Litigation in this matter was relatively complex because it implicated legal proceedings occurring simultaneously in Egypt, involved numerous substantive motions, and proceeded through partial discovery before the Court granted plaintiff's motion to voluntarily dismiss the complaint. In relation to removal proceedings, defendant's motion to dismiss due to improper service, defendant's answer and cross-claims, scheduling, defendant's motion for an anti-suit injunction, cross-motions to dismiss by both plaintiff and Helwan, preparation of a joint report regarding plaintiff's motion to voluntarily dismiss, and defendant's motion for summary judgment, Helwan presents evidence that its defense counsel expended 507.451 hours of work between five attorneys and a paralegal. The Court concludes that the foregoing hours were reasonably expended and calculates the appropriate, lodestar for the foregoing proceedings as follows:

|  | Hourly Rate | Hours Expended | Rate x Hours |
|---|---|---|---|
| Lorenzo Gasparetti | $810 | 149.145 | $120,807.45 |
| Peter Ellis | $730 | 112.136 | $81,859.28 |
| Monica Ortiz | $495 | 188.07 | $93,094.65 |
| Mikiko Thelwell | $330 | 18.3 | $6,039.00 |
| Lizeth Sanchez | $250 | 6.8 | $1,700.00 |
| Alexa Hankard | $235 | 33 | $7,755.00 |
|  | TOTALS | 507.451 | **$311,255.38** |

In accordance with the foregoing, Helwan is awarded $311,255.38 in fees incurred as a result of the proceedings listed in the previous paragraph.

### B.   Fact Investigation, Analysis, and File Administration

Helwan also seeks fees incurred as a result of 231.39 hours of work it claims were expended on file administration, fact investigation, and "Case Analysis/Strategy." Gasparetti Decl. Ex. 3. Specifically, Helwan seeks the following additional fees:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-01001-CAS (AFMx) | | Date | January 23, 2017 |
|---|---|---|---|---|

| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. |
|---|---|

| | Hourly Rate | Hours Expended | Rate x Hours |
|---|---|---|---|
| Lorenzo Gasparetti | $810 | 64.38 | $52,147.80 |
| Peter Ellis | $730 | 115.77 | $84,512.10 |
| Monica Ortiz | $495 | 30.34 | $15,018.30 |
| Mikiko Thelwell | $330 | 14.5 | $4,785.00 |
| Lizeth Sanchez | $250 | 6.4 | $1,600.00 |
| Alexa Hankard | $235 | 0 | - |
| | TOTALS | 231.39 | **$158,063.20** |

    The Gasparetti declaration states that the foregoing was reasonable because plaintiff's claims sought more than $3 billion in damages and because the case involved the alleged breach of a contract which required performance in Egypt and elsewhere over a 13-year period. Defendant disputed the authenticity and genuineness of the alleged contract and was not able to obtain the original document prior to plaintiff's voluntary dismissal of the action.

    Helwan has not satisfied its burden of demonstrating that the foregoing hours were reasonable. Helwan's counsel reasonably expended many hours of work on the motions practice in this case, which necessarily entailed factual investigation and strategy; however, Helwan has not demonstrated that this case required uniquely complex strategic discussions or factual investigations beyond those required for the motions practice. The invoices offered by Helwan are so substantially redacted that the Court cannot discern why these hours were reasonably necessary to the defense of the case. Accordingly, the Court awards Helwan fifty percent of the billed time for these entries, $79,031.60, for a cumulative amount of $390,286.98 thus far discussed.

**C.    Discovery**

    Lastly, Helwan seeks $83,339.81 spent in relation to the contentious, partial discovery in this matter. Specifically, Helwan claims to have expended the following hours on discovery, a motion to compel discovery, and seeking sanctions when plaintiff failed to comply with a production order:

Case 3:16-cv-06634-WHO    Document 67-2    Filed 09/13/17    Page 25 of 34

Case 2:16-cv-01001-CAS-AFM    Document 119    Filed 03/17/17    Page 20 of 23    Page ID #:2022
Case 2:16-cv-01001-CAS-AFM    Document 116    Filed 01/23/17    Page 5 of 7    Page ID #:1964

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

Case No.    2:16-cv-01001-CAS (AFMx)          Date    January 23, 2017

Title    TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL.

| | Hourly Rate | Hours Expended | Rate x Hours |
|---|---|---|---|
| Lorenzo Gasparetti | $810 | 59.31 | $48,041.10 |
| Peter Ellis | $730 | 18.532 | $13,528.36 |
| Monica Ortiz | $495 | 41.63 | $20,606.85 |
| Mikiko Thelwell | $330 | 0 | - |
| Lizeth Sanchez | $250 | .8 | $200.00 |
| Alexa Hankard | $235 | 4.1 | $963.50 |
| | TOTALS | 124.372 | **$83,339.81** |

On August 4, 2016, the parties filed a short stipulation to divide discovery proceedings into two phases, the first of which would address the validity and enforceability of the contract on which plaintiff's claims were based. Dkt. 58. On August 29, 2016, the parties submitted a joint stipulation setting forth a dispute regarding plaintiff's discovery compliance. Thereafter, defendant brought a motion to compel production of the original wet-signature agreement and for a deposition of the plaintiff-company's president. Dkt. 76. On September 6, 2016, Helwan submitted a supplemental memorandum regarding the discovery dispute. Dkt. 83.

On September 20, 2016, Magistrate Judge Alexander MacKinnon granted the motion to compel production. Dkt. 91. Judge MacKinnon ordered plaintiff to produce the original wet-signature document and plaintiff's president to appear for deposition on or before September 30, 2016. Id. Plaintiff failed to comply and Helwan filed a motion for sanctions seeking attorneys' fees. Dkt. 98. In its motion, Helwan sought "to be awarded its reasonable attorneys' fees of in [sic] the total amount of $20,250 incurred in connection with these discovery proceedings." Id. at 13. Helwan attached a declaration from Gasparetti, explaining the basis for the fees it incurred. Dkt. 98-3. In said declaration, Gasparetti stated that he had:

> spent no less than 25 hours engaging in good faith efforts to meet and confer with Plaintiff's counsel regarding the discovery at issue, preparing a Joint Stipulation, Motion to Compel and supplemental brief regarding the Motion to Compel, as well as preparing the present Motion. . . . Therefore, the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. | | |

estimated total of fees incurred by Helwan from my work in connection with these discovery proceedings is at least $20,250.00.

Id. ¶ 9.

No opposition was ever filed. Judge MacKinnon granted Helwan's motion for sanctions, but ordered defendant to submit additional information tailored to fees that were "caused by Plaintiff's failure to comply" with the production order rather than all fees associated with the discovery proceedings. Dkt. 105 at 3. Thereafter, Gasparetti submitted a declaration explaining that he had expended 7.4 hours preparing Helwan's motion for sanctions and attending the hearing on the motion. Dkt. 106. Gasparetti also explained that Alexa Hankard had spent "no less than 4.1 hours" on legal research for the motion for sanctions. Id. To date, Judge MacKinnon has not issued an order granting an award of said fees to Helwan.

Defendant has not demonstrated its entitlement to $83,339.81 in attorneys' fees associated with discovery. There appears to be a discrepancy between Gasparetti's initial claim to have expended 25 hours on discovery proceedings and Gasparetti's present claim to have expended 59.31 hours, himself, on discovery proceedings. As with the fees already discussed above, the Court cannot discern from the redacted invoice records which hours were expended on discovery matters as opposed to other matters. Accordingly, the Court awards Helwan fees for 25 hours expended by Gasparetti in addition to the remaining hours requested. Helwan is hereby awarded $55,548.71 in fees incurred as a result of discovery in this matter.[1]

---

[1] Helwan is granted 14 days in which to seek any modification of this order. If Helwan so chooses, Helwan shall submit an explanation of the discrepancy in hours apparently worked by Gasparetti and submit appropriate documentation to enable the Court to better evaluate the hours worked on matters relating to discovery.

Case 2:16-cv-01001-CAS-AFM   Document 116   Filed 01/23/17   Page 7 of 7   Page ID #:1966

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                 **'O'**

| Case No. | 2:16-cv-01001-CAS (AFMx) | Date | January 23, 2017 |
|---|---|---|---|

| Title | TAHAYA MISR INVESTMENT INC. V. HELWAN CEMENT S.A.E. ET AL. |
|---|---|

## IV.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part** and **DENIES in part** Helwan's request for reasonable attorneys' fees.  The Court awards Helwan a total of $445,835.69 in attorneys' fees.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |

EXHIBIT G

| Date | Tkpr | Title | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 12/13/2016 | M. Ortiz | Associate | Research anti-SLAPP Motion to strike grounds, procedure and distinctions with filing in federal court | 2.8 | $450.00 | $1,260.00 |
| 12/14/2016 | M. Ortiz | Associate | Research anti-SLAPP context specific authorities concerning school board districts and outside counsel conduct | 3.6 | $450.00 | $1,620.00 |
| 12/15/2016 | L. Gasparetti | Partner | Review of anti-SLAPP authorities re possible motion to strike claims | 0.8 | $625.00 | $500.00 |
| 12/15/2016 | M. Ortiz | Associate | Research anti-SLAPP authorities re investigation conduct, litigation privilege and attorney conduct | 4.7 | $450.00 | $2,115.00 |
| 12/16/2016 | M. Ortiz | Associate | Retrieve relevant authorities re anti-SLAPP | 0.2 | $450.00 | $90.00 |
| 12/21/2016 | L. Gasparetti | Partner | Further evaluation re anticipated responses to complaint, in particular anti-SLAPP defense | 0.5 | $625.00 | $312.50 |
| 12/27/2016 | L. Gasparetti | Partner | Continue review authorities re anti-SLAPP defense to alleged conduct | 0.6 | $625.00 | $375.00 |
| 1/9/2017 | M. Ortiz | Associate | Research and summary analysis re timing to file anti-SLAPP motion | 0.4 | $450.00 | $180.00 |
| 1/10/2017 | M. Ortiz | Associate | Analysis and research re anti-SLAPP motion (1.3); Review and consideration of admissibility of videos of Felarca conduct (1.0) | 2.3 | $450.00 | $1,035.00 |
| 1/10/2017 | L. Gasparetti | Partner | Evaluation of litigation privilege and anti-SLAPP strategy | 0.5 | $625.00 | $312.50 |
| 1/11/2017 | L. Gasparetti | Partner | Review additional video footage usage with anti-SLAPP motion | 0.6 | $625.00 | $375.00 |
| 1/12/2017 | L. Gasparetti | Partner | Further evaluation re anti-SLAPP and motion to dismiss arguments/evidence /strategy as well as purported service of summons/complaint and strategy re same* | 0.6 | $625.00 | $375.00 |
| 1/17/2017 | M. Ortiz | Associate | Analysis and prepare outline of responsive pleadings to complaint (anti-SLAPP/ motion to strike/motion to dismiss) (1.8)*; Research re official proceedings for anti-SLAPP (1.4); Research re litigation privilege as bar to claims (.8) | 4.0 | $450.00 | $1,800.00 |
| 2/15/2017 | M. Ortiz | Associate | Research media articles re Felarca protest activities | 0.5 | $450.00 | $225.00 |

| Date | Tkpr | Title | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 2/16/2017 | L. Gasparetti | Partner | Review latest national coverage of Felarca interview and evaluate possible use with anti-SLAPP motion | 0.2 | $625.00 | $125.00 |
| 2/17/2017 | L. Gasparetti | Partner | Review latest news coverage regarding Felarca/BAMN activities, including disciplinary proceeding coverage | 0.2 | $625.00 | $125.00 |
| 3/3/2017 | L. Gasparetti | Partner | Further evaluation of anti-SLAPP motion scope and meet and confer obligations | 0.4 | $625.00 | $250.00 |
| 3/4/2017 | M. Ortiz | Associate | Review recent Court of Appeals decisions re anti-SLAPP litigation | 0.7 | $450.00 | $315.00 |
| 3/6/2017 | A. Goodell | Associate | Review and analyze key evidence and compile summary index of information for anti-SLAPP motion | 4.8 | $485.48 | $2,330.30 |
| 3/6/2017 | M. Ortiz | Associate | Analysis re additional research needed re litigation privilege and anti-SLAPP procedures and standard | 0.6 | $450.00 | $270.00 |
| 3/6/2017 | L. Gasparetti | Partner | Research re relevant anti-SLAPP authorities | 1.8 | $625.00 | $1,125.00 |
| 3/7/2017 | M. Ortiz | Associate | Review research re applicability of litigation privilege to CA constitutional claims (.2); Same re anti-SLAPP (.2) | 0.4 | $450.00 | $180.00 |
| 3/7/2017 | L. Gasparetti | Partner | Further evaluation re motion to dismiss/anti-SLAPP motion strategy and outline of arguments* | 0.75 | $625.00 | $468.75 |
| 3/7/2017 | A. Goodell | Associate | Conduct research and analyze case law regarding litigation privilege, proper form for motions in Northern District of California, request for judicial notice to support anti-SLAPP motions, and anti-SLAPP applicability to California constitutional claims | 4.6 | $400.00 | $1,840.00 |
| 3/8/2017 | A. Goodell | Associate | Conduct legal research and analyze case law and statutes regarding procedural requirements for anti-SLAPP motion filed in federal court based on federal question jurisdiction | 2.5 | $350.00 | $875.00 |
| 3/8/2017 | M. Ortiz | Associate | Review research and evaluate litigation privilege application to California Constitutional claims (1.8); Review Hon. Orrick decision re anti-SLAPP motions (1.2) | 3.0 | $450.00 | $1,350.00 |
| 3/8/2017 | L. Gasparetti | Partner | Draft meet and confer letter to plaintiff counsel re voluntary dismissal of action | 0.8 | $625.00 | $500.00 |

| Date | Tkpr | Title | Narrative | Hours | Rate | Amount |
|------|------|-------|-----------|-------|------|--------|
| 3/9/2017 | L. Gasparetti | Partner | Evaluation re arguments/authorities re establishment of first prong/burden on anti-SLAPP motion re conduct in furtherance of First Amendment rights | 1.1 | $625.00 | $687.50 |
| 3/9/2017 | M. Ortiz | Associate | Revise anti-SLAPP legal standard brief insert | 0.9 | $450.00 | $405.00 |
| 3/9/2017 | A. Goodell | Associate | Draft legal standards for motion to dismiss and anti-SLAPP motion* | 0.6 | $350.00 | $210.00 |
| 3/10/2017 | M. Ortiz | Associate | Review and revise anti-SLAPP notice of motion and legal standard | 0.3 | $450.00 | $135.00 |
| 3/10/2017 | L. Gasparetti | Partner | Evaluation re evidentiary support for anti-SLAPP motion | 0.5 | $625.00 | $312.50 |
| 3/10/2017 | A. Goodell | Associate | Edit and revise draft of legal standard section of anti-SLAPP motion (1.0); Revise index of evidence in consideration for anti-SLAPP motion and circulated to the team (.7) | 1.7 | $350.00 | $595.00 |
| 3/13/2017 | M. Ortiz | Associate | Research re anti-SLAPP applicability to constitutional claims | 0.9 | $450.00 | $405.00 |
| 3/13/2017 | L. Gasparetti | Partner | Draft anti-SLAPP motion, including review of authorities and supporting evidence | 4.6 | $625.00 | $2,875.00 |
| 3/14/2017 | A. Goodell | Associate | Draft Request for Judicial Notice in Support of Motion to Strike Complaint (2.7); Draft Declaration of M. Ortiz in Support of Motion to Strike (1.0) | 3.7 | $350.00 | $1,295.00 |
| 3/14/2017 | L. Gasparetti | Partner | Continue drafting anti-SLAPP motion, including review of authorities and supporting evidence | 5.8 | $625.00 | $3,625.00 |
| 3/15/2017 | A. Goodell | Associate | Draft Proposed Order granting the Special Motion to Strike (.5); Prepare exhibits for anti-SLAPP motion (1.5); Draft Request for Judicial Notice in Support of Special Motion to Strike and Motion to Dismiss (1.7); Analyze and revise Motion to Strike fact section with supporting evidence (.5) | 4.2 | $350.00 | $1,470.00 |
| 3/15/2017 | L. Gasparetti | Partner | Continue drafting anti-SLAPP motion and portions of motion to dismiss, including review of authorities re constitutional violations, color of law and litigation privilege* | 2.6 | $625.00 | $1,625.00 |

| Date | Tkpr | Title | Narrative | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 3/16/2017 | M. Ortiz | Associate | Tasks relating to requests for judicial notice in support of motion to dismiss and SLAPP motion* | 0.75 | $450.00 | $337.50 |
| 3/16/2017 | A. Goodell | Associate | Analyze and revise anti-SLAPP Motion to Strike fact section with supporting evidence (2.5); Prepare exhibits for anti-SLAPP motion (.6); Revise request for Judicial Notice in support of Special Motion to Strike with supporting exhibits (2.0); Draft declaration of M. Ortiz in support of anti-SLAPP motion to strike (.7) | 5.8 | $350.00 | $2,030.00 |
| 3/16/2017 | L. Gasparetti | Partner | Continue work on anti-SLAPP motion and motion to dismiss, including coordination of same re merits of claims* | 2.7 | $625.00 | $1,687.50 |
| 3/17/2017 | A. Goodell | Associate | Organize exhibits for Motion to Dismiss and anti-SLAPP motion* | 1.1 | $350.00 | $385.00 |
| 3/17/2017 | L. Gasparetti | Partner | Continue work on anti-SLAPP motion and motion to dismiss, including revision of same* | 2.5 | $625.00 | $1,562.50 |
| 3/18/2017 | A. Goodell | Associate | Create and organize exhibits for the anti-SLAPP Motion to Strike and the Motion to Dismiss* | 1.4 | $350.00 | $490.00 |
| 3/19/2017 | A. Goodell | Associate | Review, Analyze, and Cite Check authorities for accuracy and completeness in the anti-SLAPP motion to strike | 2.3 | $350.00 | $805.00 |
| 3/19/2017 | M. Ortiz | Associate | Adjustments to anti-SLAPP motion | 0.6 | $450.00 | $270.00 |
| 3/20/2017 | A. Goodell | Associate | Revise and cite check anti-SLAPP Motion to Strike (3.3); Analyze and revise the request for judicial notice for the Motion to Strike (2.5); Analyze and revise exhibits for anti-SLAPP motion to strike (3.6) | 9.4 | $350.00 | $3,290.00 |
| 3/20/2017 | L. Gasparetti | Partner | Final Revisions to motion to dismiss and anti-SLAPP motion, including all supporting papers and review of BUSD motion to dismiss* | 1.75 | $625.00 | $1,093.75 |
| 3/20/2017 | M. Ortiz | Associate | Revise anti-SLAPP motion with reference to supporting evidence (2.8); review and finalize anti-SLAPP motion (1.3) | 4.1 | $450.00 | $1,845.00 |

| Date | Tkpr | Title | Narrative | Hours | Rate | Amount |
|------|------|-------|-----------|-------|------|--------|
| 3/21/2017 | A. Goodell | Associate | Prepare and finalize exhibits for the anti-SLAPP motion to strike (.8); Cite check and proof anti-SLAPP motion to strike (.7) | 1.5 | $350.00 | $525.00 |
| 3/22/2017 | A. Goodell | Associate | Draft email and transmit conformed face sheet of anti-SLAPP motion to California Judicial Council | 0.4 | $350.00 | $140.00 |
| 4/12/2017 | L. Gasparetti | Partner | Review/evaluate plaintiff's oppositions to motions to dismiss and anti-SLAPP, including approach to reply briefing* | 1.3 | $625.00 | $812.50 |
| 4/17/2017 | M. Ortiz | Associate | Review plaintiff opposition to anti-SLAPP motion to strike and declarations | 3.5 | $450.00 | $1,575.00 |
| 4/17/2017 | L. Gasparetti | Partner | Commence preparation of portions of reply brief re anti-SLAPP motion (1.0); Consider objections to translated declarations of plaintiffs (.2) | 1.2 | $625.00 | $750.00 |
| 4/18/2017 | A. Goodell | Associate | Conduct legal research re the scope of the litigation privilege under Civil Code Section 47 | 3.3 | $350.00 | $1,155.00 |
| 4/18/2017 | L. Gasparetti | Partner | Draft portions of reply brief re anti-SLAPP motion | 3.2 | $625.00 | $2,000.00 |
| 4/20/2017 | M. Ortiz | Associate | Analysis re reply to anti-SLAPP motion | 0.7 | $450.00 | $315.00 |
| 4/21/2017 | M. Ortiz | Associate | Analysis re preparation of objections to declarations submitted in opposition to anti-SLAPP motion | 0.8 | $450.00 | $360.00 |
| 4/21/2017 | A. Goodell | Associate | Review and analyze declaration of Y. Felarca filed in support of opposition to anti-SLAPP brief to note objections for the record | 0.5 | $350.00 | $175.00 |
| 4/21/2017 | L. Gasparetti | Partner | Revise and supplement reply briefs re motion to dismiss and anti-SLAPP* | 1.9 | $625.00 | $1,187.50 |
| 4/24/2017 | L. Gasparetti | Partner | Further revisions to reply briefs re motions to dismiss and anti-SLAPP motion* | 1.3 | $625.00 | $812.50 |
| 4/24/2017 | M. Ortiz | Associate | Draft reply in support of anti-SLAPP motion to strike (1.8); review and revise objections to declarations submitted in opposition to anti-SLAPP motion to strike (3.0) | 4.8 | $450.00 | $2,160.00 |
| 4/25/2017 | L. Gasparetti | Partner | Final revisions to reply briefs re motion to dismiss and anti-SLAPP motion, as well as review BUSD briefs* | 1.5 | $625.00 | $937.50 |

| Date | Tkpr | Title | Narrative | Hours | Rate | Amount |
|------|------|-------|-----------|-------|------|--------|
| 4/25/2017 | A. Goodell | Associate | Revise reply brief in support of anti-SLAPP motion | 1.0 | $350.00 | $350.00 |
| 4/25/2017 | M. Ortiz | Associate | Finalize reply briefs for filing* | 2.25 | $450.00 | $1,012.50 |
| 6/27/2017 | L. Gasparetti | Partner | Preparation for hearing on motion to dismiss and anti-SLAPP motion* | 1.1 | $625.00 | $687.50 |
| 6/28/2017 | L. Gasparetti | Partner | Appearance at hearing of motion to dismiss and anti-SLAPP motion, including preparation, reporting to clients and travel to/from San Francisco re same | 10.0 | $625.00 | $6,250.00 |
| | | | | **142.4** | | **$68,970.30** |

**\* Hours and Amount reduced by 50% for time spent in connection with Motion to Dismiss**

US_ACTIVE-136375360 v1