Lorenzo E. Gasparetti (SBN 135976)
LGasparetti@ReedSmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Mónica M. Ortiz (SBN 259282)
MOrtiz@ReedSmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant Marleen Sacks

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE VARGAS; X.M., by her next friend MARIA DÍAZ; J.B., by his next friend LEOCADIA RAMOS; and B.L., by his next friend TED LEVITON;<br><br>Plaintiffs,<br><br>vs.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, MARLEEN SACKS, LISA VAN THILLO, SHANNON FIERRO, and DOES 1-10,<br><br>Defendants. | Case No. 3:16-cv-06634-WHO<br><br>Honorable William H. Orrick III<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT MARLEEN SACKS TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[FED. R. CIV. P. 12(b)(6)]<br><br>[*Concurrently filed with Request for Judicial Notice and [Proposed] Order* ]<br><br>Date:         November 1, 2017<br>Time:        2:00 P.M.<br>Place:        Courtroom 2, 17th Floor<br><br>Compl. Filed:  November 16, 2016<br>FAC Filed:      September 13, 2017 |

# NOTICE OF MOTION

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD HEREIN:**

NOTICE IS HEREBY GIVEN that on November 1, 2017, at 2:00 P.M., or as soon thereafter as the matter may be heard, in Courtroom 2 of the Honorable William H. Orrick at the United States District Court for the Northern District of California, 17th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Marleen Sacks ("Ms. Sacks") will, and hereby does, move the Court to dismiss *with prejudice* the claims of Plaintiffs Lupe Vargas, X.M. and B.L. asserted in the First Amended Complaint ("FAC") against her – specifically, **Count I** – Racial and National Origin Discrimination (Fourteenth Amendment to U.S. Constitution; 42 U.S.C. § 1983) and **Count III** – Violation of Freedom of Speech (First Amendment to U.S. Constitution; 42 U.S.C. § 1983).

This Motion is made pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) on the grounds that the allegations of the FAC by these particular Plaintiffs fail to meet federal notice pleading requirements as to Ms. Sacks and otherwise fail to state any claim upon which relief can be granted against her.

Ms. Sacks's Motion is based on this Notice, the accompanying Memorandum of Points and Authorities in support thereof, the Request for Judicial Notice, any reply brief that Ms. Sacks may file, the documents previously filed in this action, and any other material the Court may consider in connection with the hearing of this matter.

DATED: September 20, 2017

REED SMITH LLP

By:   /s/ Lorenzo E. Gasparetti
     Lorenzo E. Gasparetti
     Mónica M. Ortiz
     Attorneys for Defendant Marleen Sacks

Case No. 3:16-cv-06634-WHO     – 1 –

NOTICE OF MOTION AND MOTION OF DEFENDANT MARLEEN SACKS TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS

**Table of Contents**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 1

I. INTRODUCTION ............................................................................................................... 1

II. PROCEDURAL HISTORY................................................................................................. 1

III. ALLEGATIONS OF THE FIRST AMENDED COMPLAINT........................................... 2

    A. General Allegations ................................................................................................ 2

    B. Allegations Of Plaintiffs Vargas And X.M.............................................................. 3

    C. Allegations Of Plaintiff B.L..................................................................................... 3

IV. LEGAL STANDARD.......................................................................................................... 4

V. ARGUMENT....................................................................................................................... 5

    A. Plaintiffs Vargas's And X.M.'s Claims Against Ms. Sacks (Counts I and III) Should Be Dismissed Because They Do Not Allege That She Participated In Any Violation Of Their Constitutional Rights ..................................... 5

    B. Plaintiff B.L.'s Claims Against Ms. Sacks (Counts I and III) Should Also Be Dismissed Because His Alleged Limited Interaction With Ms. Sacks Is Insufficient To Give Rise To Any Violation Of His Constitutional Rights ................ 6

        1. Plaintiff B.L. Fails To Allege Any Conduct Specifically By Ms. Sacks Constituting A Violation Of His Equal Protection Rights (Count I)........................................................................................................... 6

        2. Plaintiff B.L.'s Allegations Of Subjective Chilling Are Insufficient To Establish Standing To Claim A Violation Of His Free Speech Rights (Count III)........................................................................................... 7

VI. CONCLUSION.................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 4

*Babbitt v. United Farm Workers Nat'l Union*,
    442 U.S. 289 (1979) ............................................................................................................. 8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................................... 4

*Bigelow v. Virginia*,
    421 U.S. 809 (1975) ............................................................................................................. 7

*Chuman v. Wright*,
    76 F.3d 292 (9th Cir. 1996) ................................................................................................. 5

*Crumpton v. Gates*,
    947 F.2d 1418 (9th Cir. 1991) ............................................................................................. 5

*Laird v. Tatum*,
    408 U.S. 1 (1972) ............................................................................................................ 7, 8

*Leer v. Murphy*,
    844 F.2d 628 (1988) ......................................................................................................... 5, 6

*Moua v. City of Chico*,
    324 F. Supp. 2d 1132 (E.D. Cal. 2004) ............................................................................... 6

*NL Industries, Inc. v. Kaplan*,
    792 F.2d 896 (9th Cir. 1986) ............................................................................................... 5

*O'Brien v. Welty*,
    818 F.3d 920 (9th Cir. 2016) ............................................................................................... 7

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ............................................................................................... 5

*Tatum v. Laird*,
    444 F.2d 947 (D.C. Cir. 1971), rev'd, 408 U.S. 1 (1972) .................................................... 7

*Taylor v. List*,
    880 F.2d 1040 (9th Cir. 1989) ............................................................................................. 5

*Thornton v. City of St. Helens*,
    425 F.3d 1158 (9th Cir. 2005) ............................................................................................. 6

*Usher v. City of Los Angeles*,
 828 F.2d 556 (9th Cir. 1987) ..................................................................................................4

*Western Mining Council v. Watt*,
 643 F.2d 618 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981) ..................................................5

**Statutes**

U.S.C. §1983 ................................................................................................................1, 3, 5, 6

Cal. Code Civ. P. § 425.16 ................................................................................................................2

**Rules**

Fed. R. Civ. P. 8(a)(2) ................................................................................................................4

Fed. R. Civ. P. 12(b)(1) ................................................................................................................2

Fed. R. Civ. P. 12(b)(6) ................................................................................................................2, 4

**Other Authorities**

U.S. Constitution, First Amendment ................................................................................3, 7, 8

U.S. Constitution, Fourteenth Amendment ................................................................................1, 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises from interviews of students conducted by Defendant Berkeley Unified School District ("BUSD") and its employees or its outside counsel, Defendant Marleen Sacks ("Ms. Sacks"), in connection with an official investigation regarding the professional misconduct of Yvette Felarca ("Felarca"), a middle school teacher working for BUSD. Despite having been provided with leave to amend their original Complaint, three of the four student-Plaintiffs – Lupe Vargas, X.M. and B.L. – have failed to cure the pleading deficiencies as their remaining claims relate to Ms. Sacks and otherwise failed to state any claim for violation of their equal protection and free speech rights under the U.S. Constitution and 42 U.S.C. §1983 asserted in the First Amended Complaint ("FAC") against Ms. Sacks.

*First*, the FAC contains no allegations of any interactions whatsoever between Ms. Sacks and Plaintiffs Vargas and X.M. Accordingly, there is simply no basis for their U.S. constitutional claims or any other claims against Ms. Sacks.

*Second*, the allegations of Ms. Sacks's limited interaction with Plaintiff B.L. come nowhere near to stating a claim for violation of his constitutional rights. B.L. merely alleges that Ms. Sacks sent him back to class, telling him that she would interview him later. There is no allegation that Ms. Sacks specifically had anything to do with calling him to the school office, much less that an interview of B.L. ever took place or that there was any other interaction between B.L. and Ms. Sacks. At most, B.L.'s conclusory allegations amount to nothing more than a subjective fear of reprisal that is non-actionable.

As it would be futile to allow Plaintiffs to amend their pleading yet again, Ms. Sacks respectfully requests that the Court dismiss the remaining claims of Plaintiffs Vargas, X.M. and B.L. against her with prejudice.

## II. PROCEDURAL HISTORY

On November 16, 2016, eight Plaintiffs (both students and their parents) filed a Complaint against the BUSD, nine of its employees and Ms. Sacks, asserting numerous claims for violations of their equal protection and free speech rights under the U.S. and California Constitutions as well as

various other California statutory and common law claims.  (Dkt. No. 1).  On March 21, 2017, Ms. Sacks filed a Motion to Strike all of Plaintiffs' California constitutional, statutory and common law claims pursuant to California Code of Civil Procedure Section 425.16 (California's anti-Strategic Lawsuit Against Public Participation "SLAPP" statute, hereinafter, the "Anti-SLAPP Motion") and a Motion to Dismiss the Complaint pursuant to Fed. Rule Civ. Proc. 12(b)(1) and 12(b)(6).  (Dkt. No. 31).

The Court heard argument related to Ms. Sacks's aforementioned motions on June 28, 2017 and stated that its "goal is to whittle this case so that we can see what is actually a claim that could proceed, if there is one here . . . So we'll come back on September 28th for a CMC [since continued to November 21, 2017], and by that time, I suspect the plaintiffs will have amended the Complaint, and we may have another round of Motion to Dismiss on that day."   (Request for Judicial Notice ("RJN"), Exhibit A, Transcript, June 28, 2017 Hearing on Motion to Dismiss and Motion to Strike, 23:20-22 and 24:4-7).

On August 10, 2017, the Court issued its order granting Ms. Sacks's Anti-SLAPP Motion in its entirety, as well as granting in part and denying in part her Motions to Dismiss, with leave to amend. (Dkt. No. 63).  On September 13, 2017, Plaintiffs filed a First Amended Complaint, leaving only the U.S. constitutional claims of the four student-Plaintiffs Vargas, X.M., J.B. and B.L. against the BUSD and two of its employees, as well as Ms. Sacks.  (Dkt. No. 68).

## III. ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

### A. General Allegations

Although purportedly arising from student interviews, the FAC again opens with an attack on the BUSD for allegedly "retaliating" against Felarca for her involvement in "protesting the Nazis and other racists in Sacramento."  (FAC ¶¶ 2, 27-28).  Plaintiffs go on to allege that the Defendants collectively,[1] "beginning with the witch-hunt of Felarca and continuing with the racially-targeted interrogations of Felarca's current and former English Language Development ("ELD") students, sent a hostile message to immigrant and Latino/a students and parents that they would be targeted

---

[1] In addition to Ms. Sacks, the named defendants in the First Amended Complaint now include BUSD Assistant Superintendent Van Thillo and Vice Principal Shannon Fierro.

1 and driven out of BUSD if they acted against racism and defended immigration rights." (*Id.* at ¶ 63).

2 The four remaining Plaintiffs are or were high school and middle school students who, at the
3 time of the events at issue, were in Felarca's ELD classes. (*Id.* at ¶¶ 11-14). Each student-Plaintiff
4 is alleged to have met (or been asked to meet) with BUSD's personnel about Felarca's classroom
5 conduct, including her instruction regarding racially and politically charged matters. (*Id.* at ¶¶ 31,
6 37, 45). The student-Plaintiffs allege that as part of the BUSD's investigation regarding Felarca,
7 they were targeted for their race and national origin, interrogated and intimidated, giving rise to
8 various violations of their constitutional rights.

9 Ms. Sacks is a private attorney and outside counsel to the BUSD. (*Id.* at ¶ 16). Two claims
10 are asserted by Plaintiffs in the FAC against her: **Count I** for Racial and National Origin
11 Discrimination (Fourteenth Amendment to U.S. Constitution; 42 U.S.C. § 1983) and **Count III** for
12 Violation of Freedom of Speech (First Amendment to U.S. Constitution; 42 U.S.C. § 1983). (*Id.* at
13 ¶¶ 70-84, 95-107).

14 Notably, of the four student-Plaintiffs, only Plaintiff J..B. is alleged to have been interviewed
15 by Ms. Sacks. (*Id.* at ¶ 31). Neither he nor his claims are the subject of this Motion to Dismiss.

16 **B.  Allegations Of Plaintiffs Vargas And X.M.**

17 Plaintiffs Vargas and X.M. make no reference whatsoever to any interactions with Ms. Sacks
18 anywhere in the FAC. The allegations regarding Vargas and X.M. relate solely to their interactions
19 with Defendants Lisa Van Thillo and Shannon Fierro, both BUSD employees. Vargas and X.M.
20 specifically allege that Van Thillo and Fierro interviewed them on October 11, 2016, and asked them
21 questions about whether they had attended protests, the nature of those protests, how Felarca
22 conducted herself in the classroom with her students, and what topics Felarca had focused on in
23 class. (*Id.* at ¶¶ 43-53, 55-59). However, there are no allegations whatsoever that Ms. Sacks
24 interacted with, much less interviewed or participated in the interviews of Vargas and X.M.

25 **C.  Allegations Of Plaintiff B.L.**

26 Aside from Plaintiff J.B., the FAC implicates Ms. Sacks's interactions in connection with
27 only one other student-Plaintiff, B.L. B.L. alleges that he was summoned to the school office, but
28 upon arrival, was told by Ms. Sacks to return to class and that he would be interviewed later. (*Id.*, ¶

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  37). B.L. alleges that he felt "scared that he was in trouble." (*Id.*) There is no allegation that Ms.
2  Sacks specifically had anything to do with the selection of B.L. to be interviewed, much less that an
3  interview of B.L. ever took place or that there was any other interaction between B.L. and Ms.
4  Sacks.

## IV. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6), a complaint must contain factual allegations that, when accepted as true, "state a claim to relief that is plausible on its face" and "must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

FRCP Rule 8(a)(2) requires a "showing" that a party is entitled to relief, "rather than a blanket assertion" of entitlement to relief. *Id*. at 555 n.3; Fed. R. Civ. P. 8(a)(2). Indeed, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (2009) (citation omitted); Fed. R. Civ. P. 8(a)(2). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," requiring instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663.

In deciding whether a plaintiff has stated a claim upon which relief can be granted, the Court accepts plaintiff's allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). To state a claim for relief, plaintiff must steer clear of stating "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" without factual allegations. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. While courts do not require "heightened fact pleading or specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at

555, 570.  A complaint which tenders "naked assertion[s]" devoid of "further factual enhancement" does not suffice.  *Id.* at 557.  Further, this Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981).

## V.    ARGUMENT

### A.    Plaintiffs Vargas's And X.M.'s Claims Against Ms. Sacks (Counts I and III) Should Be Dismissed Because They Do Not Allege That She Participated In Any Violation Of Their Constitutional Rights

To establish a claim for relief under § 1983, plaintiffs must allege "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  When plaintiffs "seek to hold an individual defendant personally liable for damages" under 42 U.S.C. § 1983, they "must set forth specific facts as to each individual defendant's" conduct. *Leer v. Murphy,* 844 F.2d 628, 634 (1988).  "Sweeping conclusory allegations will not suffice."  *Id.* "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).  The personal participation inquiry "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer*, 844 F.2d at 633.  Thus, the student-Plaintiffs here must allege facts that show Ms. Sacks was "integral" to causing any alleged constitutional violation.  *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996).

Under these standards, Plaintiffs Vargas and X.M. clearly have not pleaded any claim for violation of their constitutional rights against Ms. Sacks.  Indeed, the FAC makes no reference whatsoever to any interactions between Vargas and X.M., on the one hand, and Ms. Sacks.  Rather, the FAC makes clear that Vargas and X.M. were interviewed by Defendants Van Thillo and Fierro, both BUSD employees, without any participation by Ms. Sacks.  (FAC at ¶¶ 43-53, 55-59). Accordingly, having already had an opportunity to amend their pleading, the remaining claims of

Plaintiffs Vargas and X.M. against Ms. Sacks should now be dismissed with prejudice.

### B. Plaintiff B.L.'s Claims Against Ms. Sacks (Counts I and III) Should Also Be Dismissed Because His Alleged Limited Interaction With Ms. Sacks Is Insufficient To Give Rise To Any Violation Of His Constitutional Rights

#### 1. Plaintiff B.L. Fails To Allege Any Conduct Specifically By Ms. Sacks Constituting A Violation Of His Equal Protection Rights (Count I)

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). A plaintiff may satisfy this showing by alleging four separate elements: (1) the defendants treated plaintiff differently from others similarly situated; (2) the unequal treatment was based on an impermissible classification; (3) the defendants acted with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification. *Moua v. City of Chico*, 324 F. Supp. 2d 1132, 1137 (E.D. Cal. 2004). Again, when plaintiffs "seek to hold an individual defendant personally liable for damages" under § 1983, they "must set forth specific facts as to each individual defendant's" conduct. *Leer*, 844 F.2d at 634. "Sweeping conclusory allegations will not suffice." *Id.*

As this Court noted in its August 10, 2017, Order granting (in part) Defendant's Motion to Dismiss, "[t]he most specific allegations are leveled against Van Thillo and Fierro" by Plaintiffs Vargas and X.M. (RJN, Exhibit B, August 10, 2017 Order regarding Motions to Dismiss and Motion to Strike, 21:25); (FAC, ¶¶ 47-49, 55-58). For example, Vargas and X.M. allege they were asked by Van Thillo and Fierro whether they had attended protests, the nature of those protests, what topics Felarca focused on in her classes, whether they and their family members are immigrants, and whether they have legal status. (FAC, ¶¶ 47-49, 55-58). Vargas and X.M. also allege they were told not to tell anyone about the interviews. (*Id.*, ¶¶ 51, 60). Vargas, in turn, further alleges that Fierro reprimanded her for informing a staff member about her interview and thereupon told Vargas that she (Fierro) would have to inform Van Thillo about the situation, and proceeded to type everything Vargas was saying. (*Id.*, ¶¶ 60-61). When Vargas asked her to stop, Fierro allegedly told Vargas that she might have to interview her brother as well. (*Id.*, ¶ 61).

In stark contrast, Plaintiff B.L. merely alleges that Ms. Sacks sent him back to class, telling him that she would interview him later. (*Id.*, ¶ 37). Although Plaintiffs allege that "Defendants selected the student Plaintiffs for interrogation because of their race, perceived race, national origin, and/or perceived national origin" and "the interrogations of Felarca's current and former immigrant students denied student Plaintiffs equal access to education based on their race and national origin" (*Id.*, ¶¶ 75, 77), there is no allegation that Ms. Sacks specifically participated in the decision to call B.L. to the school office for an interview. Such "sweeping conclusory allegations" are insufficient to attribute any wrongdoing to Ms. Sacks and altogether fail to show any disparate treatment, discriminatory intent or an injury as required to substantiate a violation of B.L.'s equal protection rights by Ms. Sacks.

Accordingly, Plaintiff B.L.'s claim for violation of his equal protection rights under Count I against Ms. Sacks should also be dismissed.

### 2. Plaintiff B.L.'s Allegations Of Subjective Chilling Are Insufficient To Establish Standing To Claim A Violation Of His Free Speech Rights (Count III)

To state a First Amendment claim based upon retaliation, plaintiffs must demonstrate that (1) they were engaged in constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendants' conduct. *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016). The Supreme Court has long held that plaintiffs "must present more than '[a]llegations of a subjective chill.' There must be a 'claim of specific present objective harm or a threat of specific future harm.'" *Bigelow v. Virginia*, 421 U.S. 809, 816-817 (1975) (*quoting Laird v. Tatum*, 408 U.S. 1, 13-14 (1972)) (internal quotation marks omitted).

In *Laird,* "most if not all of the [plaintiffs]" established that they had "been the subject of Army surveillance reports." *Tatum v. Laird*, 444 F.2d 947, 954 n.17 (D.C. Cir. 1971), rev'd, 408 U.S. 1 (1972). They contended that this surveillance of their activities had "chilled" their exercise of First Amendment rights. *Laird*, 408 U.S. at 13. The Supreme Court nevertheless held that plaintiffs failed to demonstrate "a direct injury as the result of [the Government's] action" because their

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 decision to curtail their expressive activity reflected a "subjective 'chill'" that did not qualify as a "specific present objective harm or a threat of specific future harm" caused by the Government's surveillance. *Id.* at 13-14 (citation omitted).

Here, Plaintiff B.L.'s claim for violation of his free speech rights is even more attenuated than that in *Laird*. Not only is there no allegation that Ms. Sacks specifically had anything to do with selecting B.L. to be interviewed, much less that he was interviewed at all or that there was any interactions between B.L. and Ms. Sacks beyond her sending him back to class, the allegation that B.L. nonetheless felt "scared that he was in trouble" does not support a First Amendment violation. (FAC, ¶ 37). Self-censorship that is based on "imaginary or speculative" fears of prosecution is simply insufficient to establish standing. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979); *Laird*, 408 U.S. at 13-14 ("[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.").

Accordingly, student-Plaintiff B.L.'s claim for violation of his free speech rights under Count III against Ms. Sacks should also be dismissed with prejudice.

## VI. CONCLUSION

For the foregoing reasons, Ms. Sacks respectfully requests that this Court dismiss the remaining U.S. constitutional claims of Plaintiffs Vargas, X.M., and B.L. (Counts I and III) against her with prejudice.

DATED:  September 20, 2017

REED SMITH LLP

By:   /s/ Lorenzo Gasparetti
Lorenzo E. Gasparetti
Mónica M. Ortiz
Attorneys for Defendant Marleen Sacks