United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUPE VARGAS, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>BERKELEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>      Defendants. | Case No. 16-cv-06634-WHO<br><br>**ORDER GRANTING SACKS'S MOTION FOR ATTORNEYS' FEES**<br><br>Dkt. No. 67 |

On August 10, 2017, I granted defendant Marleen Sacks's anti-SLAPP motion in my Order Re Motions To Dismiss and Strike. Dkt. No. 63. I gave plaintiffs leave to amend the complaint. Plaintiffs amended their complaint. Sacks then moved for attorneys' fees in light of my Order on the anti-SLAPP motion and to dismiss the amended complaint. I granted her motion to dismiss on November 2, 2017, Dkt. No. 78, and now address her motion for fees.

The award of attorneys' fees to a prevailing defendant in an anti-SLAPP motion is mandatory. Cal. Civ. Proc. Code § 425.16(c)(1). In opposing Sacks's motion for attorneys' fees, plaintiffs argue that because I granted them leave to amend, Sacks is not entitled to attorneys' fees under *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). That case is inapposite. The district court there was in a different procedural posture when considering the motion for attorneys' fees; it had deferred consideration of the special motion to strike the original complaint under the anti-SLAPP statute pending receipt of the first amended complaint. *Id*. Here, I ruled on defendants' anti-SLAPP motion prior to receiving the amended complaint. Sacks was the prevailing party. That I granted leave to amend does not negate that defendants were successful on their anti-SLAPP motion. Plaintiffs' amendment did not cure the problem that

Sacks's conduct arose out of protected activity and that the litigation privilege applied to bar plaintiffs' state law claims against her. Sacks is entitled to attorneys' fees.

District courts typically employ the "lodestar method" to calculate an appropriate amount of attorneys' fees. A lodestar calculation calls for the court to multiply "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal quotations omitted). In determining whether an hourly rate is reasonable, courts consider the "prevailing market rates in the relevant community," and "the experience, skill, and reputation" of the attorney. *Id.* at 1200, 1205-06 (internal citations and quotations omitted). Other factors include "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 12-cv-01971-CW, 2015 WL 1968388, at *3 (N.D. Cal. May 1, 2015).

The party seeking an award of fees must establish entitlement to the award and submit evidence that supports the hours worked and the rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Fee awards calculated under the lodestar method are generally presumed to be reasonable. *Gonzalez*, 729 F.3d at 1208-09. At the same time, the court may adjust this figure "if circumstances warrant" in order "to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. A reduction may account for "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. In addition, the Ninth Circuit has stated that a district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Sacks requests an award of $75,220.30. Gasparetti Decl. ¶ 11. All of that amount is fees; Sacks does not seek any costs.

Three lawyers were staffed on this matter for Sacks — one partner and two associates. Declaration of Lorenzo Gasparetti, Dkt. No. 67-2. The rates sought--the partner with almost 29

years of experience at $625/hr, the senior associate with almost nine years of experience at $450/hr, and the junior associate at $350/hr--were heavily discounted and are reasonable. *Id.*, ¶ 4.

Sacks provides contemporaneous timesheets detailing the hours worked related to the anti-SLAPP motion. *Id.*, Exh. G. The supervising partner eliminated and reduced time entries in an attempt to (i) acknowledge that some billed time was split between the anti-SLAPP motion and the first motion to dismiss and (ii) avoid duplication and inefficiency in the billed work. *Id.* ¶ 8. In one specific instance, time entries reflecting the senior associate's appearance in court were excluded from the final billing entries. *Id.* Further, the supervising attorney did not allow for block billing but rather had associates track their time in one-tenth of an hour increments. *Id.* ¶ 7.

I have reviewed the contemporaneous time records. I will not award fees for drafting a meet and confer letter on March 8, 2017 ($500) or for 8 of the 10 hours spent traveling to and from Los Angeles and attending the hearing in San Francisco on June 28, 2017 because there was another motion on calendar for Sacks (the motion to dismiss) and her law firm has plenty of lawyers in the Bay Area capable of arguing such motions ($5000). That reduces the lodestar through June 28, 2017 to $63,470.30. In addition, Sacks seeks $6250 for preparing the motion for fees, which is reasonable. The total lodestar is $69,720.30. I will reduce that amount by 10% in my exercise of discretion, leaving a total of fees awarded $62,748.27.[1] *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

## CONCLUSION

Plaintiffs shall pay Sacks $62,748.27 for the award of attorneys' fees in connection with her anti-SLAPP motion.

**IT IS SO ORDERED.**

Dated: December 4, 2017

William H. Orrick
United States District Judge

---

[1] Sacks did not request any costs, further underscoring the reasonableness of the fees awarded.

3